ARÉ ET AL. *v.* BORINQUEN SUGAR CO.

Apelación procedente de la Corte de Distrito de Humacao.

No. 648.—Resuelto en junio 24 de 1910.

DAÑOS Y PERJUICIOS—IMPORTE DE LA INDEMNIZACIÓN—RESPONSABILIDAD DE PATRONOS—NECESIDAD REAL DE LOS RECLAMANTES.—La indemnización debe fijarse, según la Ley sobre Responsabilidad de Patronos de marzo 1 de 1901, atendiendo a la necesidad real que los reclamantes tengan del producto de la labor del lesionado o fallecido.

ID.—CUANTÍA DE LA INDEMNIZACIÓN—APRECIACION DEL JUEZ SENTENCIADOR.— El juez sentenciador está colocado en mejores condiciones que el Tribunal Supremo para graduar la cuantía de la indemnización que deba concederse en cada caso, y a menos que se demuestre que la cantidad fijada sea claramente inadecuada o improcedente, el Tribunal Supremo aceptará la conclusión del juez como justa y equitativa.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José de Guzmán Benítez y José Martínez Dávila.*

Abogados del apelado: *Sres. Hartzell y Rodríguez Serra.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La sentencia dictada en este caso y contra la cual se ha interpuesto el presente recurso de apelación por los demandantes, dice así:

"Hoy, 22 de julio de 1910, la corte resuelve de acuerdo con la sección 7 en relación con la sección primera de la ley relativa a la responsabilidad de los patronos, que la ley y los hechos están en contra

de la parte demandada, y visto los apartados (A y B) de la sección 4ª. de licha ley, considerando que los cuatro demandantes Francisco, Gracia, Justa y Alfonsa Berberena y Aré son mayores de edad, casados unos, y todos con capacidad y en aptitud de ganarse la vida por sí mismos y ser sostenidos con independencia de la labor del difunto Miguel Berberena, condena a dicha corporación demandada, *The Borinquen Sugar Company,* a pagar a la demandante Micaela Aré como viuda del difunto Miguel Berberena, de quien dependía y que murió a causa de la negligencia de la dicha demandada causada según prescribe el número 3 del artículo 1 en relación con el 8 de la ley ya mencionada, la suma de quinientos dollars, en concepto de indemnización, teniendo en cuenta para la estimación de tal indemnización la capacidad para ganar dinero del difunto y el grado de culpabilidad de la demandada, no habiéndose probado por tablas de mortandad o en otra forma, las probabilidades de vida de dicho difunto; y se le condena además, a que pague a dicha demandante las costas causadas y que se libre ejecución contra sus bienes para satisfacer esta sentencia.''

Según consignaron los apelantes en su alegato, la apelación versa solamente sobre los dos extremos siguientes:

1º. El excluirse del beneficio de la sentencia a los demandantes Francisco, Gracia, Justa y Alfonsa Berberena, y

2º. El adjudicarse a la viuda Micaela Aré solamente la cantidad de quinientos dollars en concepto de indemnización.

En cuanto al primer extremo diremos que la ley bajo la cual se estableció y que rige este caso, o sea la relativa a la responsabilidad de patronos, etc., aprobada el 1 de marzo de 1901, Estatutos Revisados Nos. 322 al 333, en sus secciones 4ª. y 5ª., establece la regla de que la indemnización debe fijarse atendiendo a la necesidad real que los reclamantes tuviesen del producto de la labor del lesionado o fallecido.

A juicio de la corte sentenciadora se demostró que los demandantes nombrados son mayores de edad, casados unos y todos con capacidad y en aptitud de ganarse la vida por sí mismos y ser sostenidos con independencia de la labor del difunto Miguel Berberena. Las conclusiones de la corte están sostenidas por la prueba y siendo esto así, resulta claro que la ley fué interpretada y aplicada rectamente.

Y en cuanto al segundo extremo diremos que el juez sentenciador estaba colocado en mejores condiciones que nosotros para graduar la cuantía de la indemnización, y no habiéndose demostrado, ni apareciendo de la prueba, que la cantidad fijada sea claramente inadecuada o improcedente, debemos aceptar la conclusión del juez como justa y equitativa.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary, no tomó parte en la resolución de este caso.