Torres, Demandante y Apelante, *v.* Ramírez, Demandado y Apelado.

## Apelación procedente de la Corte de Distrito de Aguadilla en una acción sobre persecución maliciosa.

No. 1258.—Resuelto en mayo 17, 1915.

Persecución Maliciosa—Daños Generales—Daños Especiales—Alegaciones—Presunción—Prueba.—Los daños que resultan necesariamente de los actos que se denuncian se conocen con el nombre de daños generales y pueden alegarse bajo la alegación ordinaria de *ad damnum,* pues debe presumirse que el demandado sabe las consecuencias necesarias de su conducta. Pero los daños que no provienen necesariamente del acto denunciado, pero que tal vez sigan al mismo, se denominan daños especiales y deben ser alegados primeramente en la demanda o no se permitirá al demandante presentar prueba de los mismos.

Daños y Perjuicios—Daños Reales o Reparadores—Daños Especiales—Daños Ejemplares.—Los daños reales o reparadores pueden alegarse en la cláusula general sobre daños y perjuicios (*ad damnum clause*), pero los daños especiales, como por ejemplo la pérdida de la reputación, crédito o negocio, deben ser especialmente alegados, si en el juicio la parte quiere probar tales elementos de daños.

Persecución Maliciosa — Ansiedad y Sufrimiento Mental — Delito Infamante.—La ansiedad y sufrimiento mental procede natural y directamente de una persecución maliciosa infundada en la cual se alega la comisión de un delito infamante, siendo el verdadero fundamento de la acción el oprobio que se causa con la acusación. En estos casos es innecesario hacer alegaciones especiales sobre el particular.

Id.—Expresión de los Hechos y Reclamación General de los Daños y Perjuicios—Excepción Previa a la Demanda.—Cuando una demanda expresa los hechos relativos al daño causado y en ella se hace una reclamación general de los daños y perjuicios, aun cuando no se especifique la naturaleza o se particularicen los mismos, dicha demanda no puede ser excepcionada.

Id.—Perjuicios en la Persona, Nombre, Reputación y Negocio—Excepciones Previas a la Demanda.—En este caso la demanda alega: "que por razón de la persecución maliciosa el demandante fué claramente perjudicado en su persona, nombre, reputación y negocio," y se decidió: que dicha demanda contiene alegaciones sucintas suficientes a falta de una petición con el fin de que fueran hechas más específicas y que de acuerdo con las autoridades americanas no era excepcionable.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *José Martínez Dávila.*

Abogados del apelado: *Sres. Reichard & Reichard.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La única cuestión que ha sido promovida en este caso se refiere a la suficiencia de una alegación de daños y perjuicios en una acción sobre persecución maliciosa.

La corte inferior declaró con lugar una excepción previa que fué formulada a la demanda, porque en ella no se alegan de modo específico los daños y perjuicios. La demanda es como sigue:

"Comparece el demandante por medio de sus abogados Martínez & Besosa y ante la corte expone y alega:·

"1. Que el demandante es mayor de veinte y un años de edad, propietario y vecino del pueblo de Aguada; y el demandado es también mayor de veinte y un años de edad, propietario y vecino de Aguadilla.

"2. Que con fecha veinte y nueve de enero de mil novecientos catorce compareció el demandado José Ramírez Pérez ante la Corte Municipal de Aguadilla y formuló denuncia jurada contra el demandante Ramón Torres, imputándole la comisión de un delito de hurto menor.

"3. Que en virtud de dicha acusación y en la fecha inmediata expresada fué reducido a prisión el demandante, teniendo que prestar fianza para obtener su libertad provisional.

"4. Que al formular la mencionada denuncia criminal ante la Corte Municipal de Aguadilla en la fecha expresada, el demandado José Ramírez Pérez, actuó falsa, de pura maldad, maliciosamente y sin causa probable, sabiendo perfectamente dicho demandado José Ramírez Pérez, que era incierta y falsa la comisión del crimen de hurto menor imputado al demandante Ramón Torres, e intentó, por tanto, perjudicar a éste en su buen nombre y crédito, reducirle a prisión y vejarle haciendo que compareciera ante una corte de justicia a responder a una acusación de crimen.

"5. Que con fecha veinte y cuatro de febrero de 1914, se constituyó la Corte Municipal de Aguadilla en el pueblo de Aguada en audiencia pública, y presente el acusado demandante Ramón Torres, se dió lectura a la acusación mencionada en el hecho segundo de esta demanda, la cual negó el demandante y la corte luego de oída y examinada la prueba lo absolvió con costas de oficio.

"6. Que por razón de los hechos de la persecución maliciosa antes

expresada, el demandante Ramón Torres ha sido grandemente per-
judicado en su persona, nombre, reputación y negocios y estima los
daños y perjuicios sufridos en la suma de diez mil dólares.

"Por las razones expuestas el demandante suplica a la corte se
sirva, previos los trámites legales, dictar sentencia declarando con
lugar esta demanda y en su consecuencia condenando al demandado
a pagar al demandante la suma de diez mil dollars en concepto de
daños y perjuicios, con más las costas, gastos y honorarios de abo-
gado. San Juan, para Aguadilla, Julio 21 de 1914. Martínez &
Besosa, abogados del demandante."

El apelado nos hace referencia al caso de *Díaz* v. *The San
Juan Light & Transit Co.*, 17 D. P. R., 69, y a varias seccio-
nes de Cyc., a saber, 26 Cyc., 74 y 78; 13 Cyc., 13 y 175. En
el caso de *Díaz* v. *San Juan Light & Transit Co.* dijimos:
"Que el demandante debía alegar y probar la existencia de
un daño real y positivo que le ha ocasionado pérdidas en
su persona, en sus bienes o en sus derechos derivados de sus
relaciones con otras personas"; pero con esto no quisimos
expresar que sería excepcionable una demanda que conte-
nía una alegación de daños y perjuicios en términos genera-
les, pues el resto del caso demuestra lo contrario.

La jurisprudencia americana ha sido bien sintetizada en
la nota que aparece en el caso de *Heirn* v. *McCaughan*, 66
Am. Dec., 603, la cual es como sigue:

"Los daños que resultan necesariamente del acto que se denuncia
se conocen con el nombre de daños generales, y pueden alegarse bajo
la alegación ordinaria *ad damnum*, pues debe presumirse que el de-
mandado sabe las consecuencias necesarias de su conducta. Pero los
daños que no provienen necesariamente del acto denunciado, pero que
tal vez sigan al mismo, se denominan daños especiales y deben ser ale-
gados particularmente en la demanda, o no se permitirá al deman-
dante presentar prueba de los mismos."

Los daños reales o reparadores pueden alegarse en la
cláusula general sobre daños y perjuicios (*ad damnum
clause*); pero los daños especiales y se ha resuelto también
que los ejemplares, deben ser especialmente alegados. 28
Cyc., 78. La alegación general respecto a los daños (*ad dam-*

*num clause*), a la que hace referencia la obra, es una reclamación general amplia por los daños y perjuicios reales o efectivos cuya naturaleza puede ser probada en el juicio. 1 Cyc., 763.

*Donnell* v. *Jones,* 13 Ala., 490, 48 Am. Dec., 59, es un caso importante que envuelve la cuestión de un embargo ilegal y en el que la corte llamó la atención hacia el hecho de que existía una diferencia entre lo que se conoce por daños generales, o sea los que necesariamente resultan y los daños particulares o especiales, que son los que realmente tienen lugar y la ley no los presume. En dicho caso se resolvió que en una acción establada con motivo de un embargo ilegal, la pérdida de la reputación, crédito o negocio, o el retiro de determinados parroquianos constituía un daño especial. En un caso reciente de Montana se resolvió que la ansiedad y sufrimiento mental proceden natural y directamente de una persecución maliciosa infundada en la cual se alega la comisión de un delito infamante, siendo el verdadero fundamento de la acción el oprobio que se causa con la acusación; declarándose además en dicho caso que es innecesario hacer alegaciones especiales sobre el particular. *Grorud* v. *Lossl,* 136 Pac., 1069, donde se citan autoridades. En igual sentido se expresan Sutherland sobre Daños, párrafo 418 y siguientes, y especialmente el párrafo 421; Hale sobre Daños, párrafos 93–95, página 336; *Hawkins* v. *Collins,* 59 S., 694. *Oldfather* v. *Zent,* 41 N. W., 555.

Es claro, de acuerdo con las autoridades, que si el demandante ofreciera en el juicio prueba de daños especiales el demandado debe ser informado de los mismos, y la pérdida de la reputación, crédito o negocio, y otras cosas semejantes, constituye dichos daños especiales. Por otra parte, las autoridades son igualmente claras al expresar que una demanda en la que se consignan los hechos relativos a la persecución maliciosa y se alega sucintamente la pérdida de la reputación o negocio, contiene una alegación suficiente de los daños especiales. En el caso de *Lord* v. *Cuyot,* 70 Pac.,

684, las palabras consideradas como suficientes por la corte fueron "y la referida acción seguida por el demandado incomodó, vejó y molestó a los demandantes causándoles a la vez daños y perjuicios en su reputación y crédito comercial, los cuales ascienden a la suma de veinte mil dólares." En el caso de *Olson* v. *Haggerty,* 124 Pac., 145, las palabras consideradas suficientes por la corte eran "y con la intención de causar daño a la reputación de la demandante y con el objeto de hacer que se sospechara que había cometido un hurto, exponiéndola al odio, menosprecio y ridículo público." Los casos de *Ten Cate* v. *Fansler,* 65 Pac., 376, y *Fine* v. *Navarre,* 104 Mich., 95, también demuestran que semejantes alegaciones sucintas son suficientes a falta de una petición con el fin de que sean hechas con más particularidad. Por lo general no se exige más particularidad que la que se hace en las palabras usadas en el presente caso, a saber, "que por razón de los hechos de la persecución maliciosa antes expresada, el demandante Ramón Torres ha sido grandemente perjudicado en su persona, nombre, reputación y negocios." De acuerdo con todas las autoridades americanas la demanda no es excepcionable.

Hemos resuelto generalmente que en acciones por perjuicios provenientes de daños semejantes el artículo 1803 del Código Civil nos autorizaba a conceder indemnizaciones por los perjuicios que naturalmente resultan del daño que se causa. *Zalduondo* v. *Sánchez,* 15 D. P. R., 231; *Díaz* v. *The San Juan Light & Transit Co.,* 17 D. P. R., 69; *Parés* v. *Ruiz,* 19 D. P. R., 342. En el caso de *Guzmán* v. *Vidal,* 19 D. P. R., 841, se examina la historia de la legislación de donde resulta claro que el artículo 1803 comprende hasta los casos que anteriormente sólo daban lugar a establecer una denuncia criminal por cualquier persona perjudicada. No existe nada en el Código Civil o en la jurisprudencia que requiera la necesidad de mayor especificación de los daños y perjuicios.

De las anteriores consideraciones se desprende que si una demanda expresa los hechos relativos al daño que se causa

y en ella se hace una reclamación general de los daños y per-
juicios sin especificación de su naturaleza o sin particula-
rizar los mismos, dicha demanda no puede ser excepcionada.
Si el demandante desea probar daños especiales en el juicio,
así como la pérdida de reputación, negocio, etc., tiene que
alegarlos. Si el demandado desea que se haga una especi-
ficación mayor de cualquier elemento constitutivo de daño,
puede obtenerla en debida forma si a discreción de la corte,
para formular su contestación o probar su caso él tiene dere-
cho a ello. Las cortes proceden con cuidado al exigir al de-
mandante que especifique los daños sin que el demandado
acredite suficientemente la razón que hay para ello. En casos
como el presente raramente se exige mayor especificación.

Debe revocarse la sentencia.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.