GUILBE, DEMANDANTE Y APELADO, v. AMERICAN RAILROAD CO. OF PORTO RICO, DEMANDADA Y APELANTE.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre indemnización de daños y perjuicios.

No. 1838.—Resuelto en julio 22, 1919.

TÉRMINO JURISDICCIONAL—PERMISO DE LA CORTE PARA ADMITIR UNA DEMANDA ENMENDADA DESPUÉS DE VENCIDO EL PLAZO CONCEDIDO — DISCRECIÓN JUDI-

CIAL.—En este caso a moción de la demandada quedaron eliminados ciertos hechos de la demanda original, habiendo la corte concedido permiso al demandante para hacer enmiendas dentro del término de cinco días, término que fué luego prorrogado a diez. Al mes y siete días después de vencer el término así fijado, el demandante solicitó y obtuvo permiso para presentar una demanda enmendada que acompañó a su moción. *Se resolvió:* que no siendo jurisdiccional el término que se concede al demandante para presentar una demanda enmendada, tenía la corte facultad discrecional para permitir la presentación de la demanda enmendada después de expirado el término anteriormente concedido.

PRUEBA—APRECIACIÓN DE LA PRUEBA POR LA CORTE INFERIOR—PREJUICIO, PARCIALIDAD O MANIFIESTO ERROR.—Cuando la prueba es *prima facie* suficiente para sostener la sentencia y no se demuestra que la corte inferior al apreciarla obrara con prejuicio o parcialidad o cometiera manifiesto error, no se modificará tal apreciación en apelación; y el hecho de que alguno de los fundamentos de la sentencia apelada pueda ser erróneo, si ésta se sostiene por otros fundamentos no hará necesaria su revocación.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sr. F. G. Pérez Almiroty* y *E. Acuña.*

Abogado de la apelada: *Sr. Rafael Martínez Nadal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La American Railroad Company apela de una sentencia dictada a favor del demandante por la suma de $400 en concepto de daños y perjuicios como consecuencia de la muerte de uno de sus hijos originada por uno de los trenes de la compañía demandada.

El señalamiento de errores se hace bajo tres distintos apartados con subdivisiones, en la forma siguiente:    •

"(*a*) Errores de procedimiento:

"1. Que la corte inferior cometió error al dictar resolución declarando sin lugar la moción de la demandada solicitando la eliminación de la demanda enmendada;

"2. Que la corte cometió error al dictar su resolución declarando sin lugar la moción de reconsideración sobre la moción de eliminación;

"3. Que la corte cometió error al declarar sin lugar una moción sobre eliminación de ciertos hechos de la demanda enmendada.

"(*b*) Errores cometidos en el acto de la vista:

"1. Que la corte cometió error al desestimar la alegación de prescripción de la acción alegada por la demandada y discutida en los comienzos de la vista como excepción previa;

"2. Que la corte cometió error al admitir en contra de la oposisión de la demandada la declaración del secretario de la corte, el duplicado de los libros del registro civil y la partida de nacimiento de Juan Domingo Guilbe que allí aparece, para acreditar por este medio la legitimidad del hijo del demandante;

"3. Que la corte cometió error manifiesto e incurrió en parcialidad al insinuar al demandante que la mejor prueba de filiación no es el acta de nacimiento solamente, que necesitaría como complemento la certificación de matrimonio;

"4. Que la corte cometió error manifesto e incurrió en parcialidad al conceder al demandante cinco días para la presentación de la partida de matrimonio;

"(c) Errores de fondo:

"1. Que la corte cometió error al estimar como causa de negligencia el hecho de no haber en el paso a nivel mencionado en la demanda, cadenas o barreras, en el momento del accidente;

"2. Que la corte cometió error al estimar probado el hecho de que el tren en cuestión había sido cortado, mientras la locomotora se dirigió a recoger otros en una vía paralela y después al regresar, marchando el tren hacia atrás, de una manera negligente, sin tomar las debidas precauciones, sin luz en el vagón de atrás ni dar señal alguna de alarma, el vagón trasero arrolló al niño en el momento en que éste cruzaba el paso a nivel;

"3. La corte inferior cometió error al estimar como medida de daños en este caso los trastornos mentales sufridos por la madre del niño en lo que respecta a la pérdida por el demandante de sus servicios domésticos;

"4. Que la corte cometió error al estimar probado el hecho de que el demandante gastó alrededor de doscientos cincuenta dólares en medicinas y curación de su esposa y al fijar en conjunto los daños y perjuicios sufridos por el demandante en la suma de cuatrocientos dólares;

"5. Que la corte cometió error al estimar probado el hecho de que la esposa del demandante sufriera trastorno mental alguno y que fuera el accidente que privó de la vida a su hijo la causa próxima de tal trastorno mental."

A moción de la demandada quedaron eliminados ciertos hechos de la demanda original, habiendo la corte concedido permiso al demandante para hacer enmiendas dentro del término de cinco días, término que fué luego prorrogado a diez.

Al mes y siete días después de vencer el término así fijado,
el demandante solicitó y obtuvo permiso para presentar una
demanda enmendada que acompañó a su moción.  Los casos
que han sido citados por el apelante para sostener su alega-
ción de que la corte no tenía facultad para prorrogar un tér-
mino vencido, se refieren a términos fijados por. el estatuto
y no son de aplicación.

No haciéndose cita alguna de autoridades, ni ningún ra-
zonamiento formal, no es necesario que investiguemos los
méritos de la insinuación que se ha hecho de que una de-
manda enmendada en la que se alegan daños y perjuicios con
motivo de la enfermedad y locura de la madre, originadas
por la muerte de su hijo, determina una nueva causa de
acción, por haberse alegado solamente en la demanda origi-
nal la pérdida de los servicios del hijo.

La moción solicitando permiso para presentar la demanda
enmendada mostraba que el demandante se hallaba ausente
de la ciudad, ignorando su abogado su domicilio, y que le
fué, por tanto, imposible obtener la información necesaria
sobre los hechos para poder enmendar la demanda dentro
del término señalado por la corte.  Es cierto que no se alegó
ninguna excusa para no haberse solicitado otra prórroga del
término antes del vencimiento de la ya concedida y el de-
mandante no hubiera tenido razón para quejarse. si su mo-
ción hubiera sido negada.  La cuestión, sin embargo, incum-
bía a la sana discreción de la corte y las circunstancias mues-
tran que no hubo grave abuso de discreción.

Por las mismas razones entendemos que la acción de la
corte al declarar sin lugar la moción de reconsideración de
su anterior resolución negando la eliminación de la demanda
enmendada, no constituyó error que diera lugar a la revo-
cación de la sentencia.

El hecho de haberse visto obligada la demandada a ne-
gar bajo juramento hechos que no constituían verdadera me-
dida de daños y perjuicios tal vez era de sentirse, de ser

cierto, pero sin más difícilmente justificaría una revocación. Ni tampoco indica esta circunstancia, ya se le considere por sí sola o en unión de las demás cuestiones a que hasta ahora hemos hecho referencia, ningún grado considerable de parcialidad o prejuicio por parte del juez sentenciador.

La primera subdivisión del segundo grupo de errores que han sido alegados se funda en la teoría de haber sido abandonado el pleito original que fué establecido dentro del término requerido por el estatuto y haberse iniciado otra acción al radicarse la demanda enmendada después de estar vencido dicho término. La cuestión que de tal modo fué planteada y el razonamiento que le sirve de fundamento son los mismos que los que están envueltos en los errores de procedimiento ya discutidos.

El segundo, tercero y cuarto señalamiento de error de este grupo se citan sólo con el objeto de establecer la parcialidad y el prejuicio. Los errores en sí, de haber sido cometidos, quedaron subsanados al ser presentada luego la certificación de matrimonio. Las circunstancias que rodean las cuestiones que aquí hemos indicado y la forma en que el juez sentenciador hizo la sugestión, si puede considerarse como tal y las órdenes de las cuales se queja el apelante, muestran de modo concluyente que la alegación carece de fundamento.

La corte inferior menciona de modo algo incidental el hecho de no existir cadenas o barreras en el cruce, en relación con sus conclusiones de que el daño se debió a la manera negligente en que se manejaba el tren. Hubo prueba tendente a demostrar que en realidad no había cadenas o barreras colocadas en el cruce. Examinado el hermano del muchacho muerto por el tren, de once años de edad, mostró por medio de diagramas lo que entendía que era un cruce en el paso a nivel y declaró que el camino estaba libre, habiendo declarado otros dos testigos en el mismo sentido. Aunque puede ser que la demandada no estuviera en el de-

ber estatutorio de colocar tales barreras o cadenas, siempre surge la cuestión de si no puede surgir dicha obligación en ciertos casos para un ferrocarril que atraviesa por un pueblo, independientemente del estatuto. No tenemos necesidad de resolver la cuestión definitivamente, porque si bien el juez hace mención de esta falta de barreras o cadenas, el resto de su opinión tiende a demostrar que hizo estribar principalmente la negligencia de la demandada en el hecho de no haber tenido el debido cuidado en funcionar sus trenes mientras los unía o separaba en el cruce, deber que si lo tenía se hacía mayor por la posibilidad, como ocurrió en este caso, o sea, que los niños andaran por los railes. Además, aun cuando sea errónea la opinión de la corte si la prueba tiende a sostener la sentencia nos sentimos obligados a confirmarla a falta de una clara demostración de que el hecho declarado probado, de existir negligencia en el manejo del tren, no estuvo justificado por la prueba aducida. Si, por ejemplo, la corte al oir la prueba en vez de un jurado basara su decisión en tres o cuatro distintos motivos de negligencia y uno no estaba sostenido por la prueba, nunca habría razón para una revocación si la sentencia podía sostenerse por otros fundamentos.

Los demás señalamientos de error bajo el tercer grupo de los errores que han sido alegados, como se discuten en el alegato, se dirigen solamente a la suficiencia de la prueba o a la cuantía de los daños y perjuicios, y los autos no revelan que se haya cometido un error tan manifiesto que sea necesaria la revocación de la sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó ''conforme con la sentencia.''