Roberto García, representado por su madre legítima Elena Ortiz, conocida también por Aurora Ortiz, demandante, apelante y apelado, *v.* Rafael O. Fernández y Great American Indemnity Co., demandados, apelados y apelantes. Elena Ortiz, conocida también por Aurora Ortiz, por sí y como madre con patria potestad sobre sus hijos legítimos Carmen Socorro, Francisco, Antonio y Roberto García, demandantes y apelantes, *v.* Rafael O. Fernández y Great American Indemnity Co., demandados y apelados.

Núms. 7209 y 7210.—*Sometidos:* Junio 3, 1937. *Resueltos:* Julio 31, 1937.

*R. Rivera Zayas* y *Joaquín Velilla,* abogados de los demandantes apelantes; *J. Valldejuli Rodríguez,* abogado de los demandados apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Las partes estipularon en la corte de distrito que estos dos casos fuesen acumulados y vistos conjuntamente, por tratarse en ambos de los mismos hechos. También los resolveremos en una sola opinión.

El menor Roberto García, representado por su padre Francisco García y éste y su esposa Elena Ortiz, independientemente de aquél y en una demanda aparte, demandaron a Rafael O. Fernández y a The Great American Indemnity Co. en reclamación de daños y perjuicios.

La corte inferior declaró con lugar la demanda del primero, y en su consecuencia condenó a los demandados a pagarle solidariamente la suma de $1,000, sin costas. De esa sentencia han apelado tanto los demandados como el demandante.

La demanda de Francisco García y Elena Ortiz fué, por el contrario, declarada sin lugar, y también han apelado.

Alega el menor en su demanda que el día 28 de febrero de 1932, mientras jugaba con otros niños en la acera izquierda de la calle General Contreras, el demandado Rafael O. Fernández, guiando un carro de su propiedad en dirección de este a oeste, por la cuadra comprendida entre las calles Tanca y San Justo, de San Juan, estando expedita su derecha la abandonó negligentemente, desviándose hacia la izquierda, hasta el borde mismo de la acera donde le cogió el pie izquierdo, causándole un desprendimiento epifisiario del primer metatarso izquierdo con gran separación de los tarsos del mismo lado, a consecuencia de lo cual se encuentra parcialmente incapacitado para el uso de la pierna izquierda. Que dicho demandado ni redujo la velocidad que llevaba, ni tocó ningún aviso o aparato de alarma. Alega también que el automóvil con el cual se le causaron las lesiones por las que reclama, estaba en esa fecha asegurado con la otra demandada The Great American Indemnity Co. Termina suplicando que se le concedan $10,000 de indemnización.

La reclamación de sus padres se basa en la pérdida de los servicios del hijo, y en los gastos de asistencia, cuidado y tratamiento que les han sido ocasionados, solicitando por todo una indemnización de $5,000.

Los demandados negaron todos los hechos alegados y como defensas especiales adujeron, primero, que el accidente se debió directa y próximamente a los actos del propio demandante y a la omisión de sus padres Francisco García y Elena Ortiz, sin que interviniera ni culpa ni negligencia por parte del demandado Rafael O. Fernández; segundo, que si intervino la negligencia de éste, el demandante y sus padres fueron culpables de negligencia contribuyente.

Roberto García señala en su alegato los siguientes dos errores que le atribuye a la corte sentenciadora:

Primero: . . . el fijar en $1,000 la indemnización a que tiene derecho el demandante por concepto de daños y perjuicios, siendo dicha suma completamente inadecuada e insuficiente.

Segundo: Cometer manifiesto error y ejercitar erróneamente su discreción al no imponer el pago de las costas a los demandados.

Los demandados le atribuyen estos otros cuatro:

Primero: Haber apreciado errónea y equivocadamente la evidencia en este caso, no sosteniendo la prueba presentada las conclusiones a que llegó el tribunal.

Segundo: Haber declarado que no fué culpable de negligencia contribuyente el demandante y aplicado erróneamente el caso de *Romañat* v. *White Star Bus Line, Inc.*, 43 D.P.R. 939.

Tercero: Haber concedido la suma de $1,000 por concepto de los daños y perjuicios que se dicen ocasionados, siendo dicha cantidad excesiva e improcedente, no estando justificada por la evidencia en este caso y los precedentes establecidos por esta Hon. Corte Suprema.

Cuarto: Haber permitido la declaración del Dr. Diego Biascoechea, que se dice intervino con el demandante más de un año después del alegado accidente.

Por último, Francisco García y Elena Ortiz sostienen que:

"La corte erró al declarar que los demandantes apelantes no demostraron haber incurrido realmente o estuvieren obligados a pagar las cantidades alegadas en la demanda, ni que hayan perdido ni se vean privados en el porvenir de los servicios del menor.

"La Corte erró al declarar sin lugar la demanda."

■ Hemos leído detenidamente la transcripción de toda la evidencia y encontramos que existe en verdad un marcado conflicto entre la aportada por el demandante y aquélla introducida por los demandados. Las teorías de ambas partes en cuanto a la forma en que ocurrió el accidente, son asimismo irreconciliables entre sí, pues mientras el primero sostiene que teniendo Fernández su derecha expedita, "negligentemente la abandonó, desviándose hacia la izquierda . . . yendo a chocar con el demandante," los segundos mantienen que Roberto García salió corriendo de un zaguán hacia la calle en momento en que pasaba el demandado Fernández conduciendo su carro. Ese conflicto fué resuelto por la corte sentenciadora en la forma que hemos visto, y los demandados no sostienen que al así resolverlo actuara con pasión, prejuicio o parcialidad, ni aparece que cometiera error manifiesto de apreciación. Es aplicable la regla invariable seguida por este Tribunal Supremo de no alterar los fallos rendidos por las cortes inferiores, a menos que concurra alguno de los elementos ya dichos. Véase el caso de *José Manuel Pietri Mejía* v. *Rosario Bacó Polidori,* núm. 7074 (ante, pág. 82), y los casos en él citados. No se cometió el primer error.

■ Habiendo aceptado las conclusiones de hecho a que llegó la corte de distrito, resulta que el menor demandante se encontraba, cuando fué arrollado por Fernández, en el sitio y en la forma que alega en su demanda. Y si ello es así, no aplicó erróneamente la corte *a quo* el caso de *Romañat* v. *White Star Bus Line, Inc.,* supra, por lo que tampoco se ha cometido el segundo.

■■Agruparemos ahora el tercer error de los demandados y primero del demandante. En ambos se sostiene que la corte de distrito erró al fijar en $1,000 el importe de la indemnización concedida al menor Roberto García.

"La medida de los daños," dijo esta corte al resolver el caso de *Flores* v. *Sucrs. de Pérez Hnos.,* 29 D.P.R. 1046, "ha sido diversamente expresada y tal vez una medida satisfac-

toria fué la indicada en el caso de *Louisville Gas Co.* v. *Fuller,* 92 S. W. 566, como que es el gasto de la curación, el valor del tiempo perdido, la razonable compensación por el sufrimiento físico y mental y por la rebaja permanente en la capacidad para ganar dinero. (Citas.)" Y continúa así: "La revisión de los casos que hemos hecho nos convence de que el elemento más variable al determinar la compensación de una persona es su capacidad para ganar."

De acuerdo con la prueba, D. R. Carrión, Inc., sufragó los gastos de curación en que incurrió el Dr. Rolenson tratando a este menor, incluyendo sus honorarios por servicios profesionales, y las radiografías tomadas por el Dr. Roses Artau. El Dr. Biascoechea dijo que había tratado el caso como uno de beneficencia y no hubo prueba en cuanto a quién pagó las radiografías que tomó. En cuanto al valor del tiempo del menor demandante, no podemos decir que fuera realmente mucho; ni siquiera iba a la escuela. Los únicos elementos de daños tasables en este caso son los sufrimientos físicos y mentales y la rebaja permanente en la capacidad para ganar dinero, este último el más variable, según *Flores* v. *Sucrs. de Pérez Hnos.,* supra. En esta clase de acciones el juez sentenciador está colocado en mejores condiciones que el Tribunal Supremo para graduar la cuantía de la indemnización que deba concederse en cada caso, y a menos que se demuestre que la cantidad fijada sea claramente inadecuada, o improcedente, este Tribunal aceptará la conclusión del juez como justa y equitativa (*Aré et al.* v. *Borinquen Sugar Co.,* 17 D.P.R. 914). No debe, a nuestro juicio, alterarse la suma de $1,000 concedida. Los demandados apelantes no han demostrado "un claro abuso de discreción." *Carbou Rodríguez* v. *Mir,* 36 D.P.R. 809. Se desestiman dichos errores.

La corte sentenciadora no cometió el cuarto error que le imputan los demandados, mas ese error, de haberse cometido, no causó a los demandados apelantes perjuicio alguno

y no justificaría, por tanto, la revocación de la sentencia. De la relación del caso y opinión emitida por la corte *a quo* transcribimos los siguientes párrafos:

"El Dr. Julio R. Rolenson declaró que el niño fué llevado a la clínica Santurce el día 3 de marzo de 1932 y lo examinó encontrando que el pie izquierdo estaba hinchado y con equimosis del dorso y planta del pie y clínicamente le pareció que había una lesión interna y ordenó una radiografía; que ésta fué tomada por el Dr. R. Roses Artau y demuestra una fractura conminuta de la cabeza articular del metatarso que corresponde al dedo del pie izquierdo; que el niño estuvo recluído en la clínica hasta el día 9 de marzo de 1932, y luego lo siguió tratando en su oficina hasta el 9 de mayo de 1932, en que lo dió de alta en buenas condiciones, pagando todos los gastos D. R. Carrión, quien es el agente de la compañía. El Dr. Rolenson examinó el niño en presencia de la corte y dice que se nota el callo de la fractura, que está uniendo bien, no hay edema, ni están inhibidos los movimientos del tobillo, y camina bien, teniendo como única incapacidad una pequeña diferencia en el arco del pie izquierdo que está más bajo que el derecho.

"El Dr. Diego O. Biascoechea declaró que en el 1932 trató al niño Roberto García de la lesión que presentaba en el pie, en el Instituto Médico Quirúrgico, como un caso de beneficencia, y le indicó que era necesario tomarle radiografías; que el examen demostraba una probable fractura; que como la madre del niño no estaba en condiciones de pagar las placas, se pospuso el tratamiento hasta enero de 1933, en que se tomaron dichas radiografías; que le mandó a poner unos zapatos especiales y medias de goma porque el niño tenía tendencia a caerse; que con vista de las radiografías que tomó en 1933 se observa que hay separación bastante marcada de los huesos que forman el tarso, y considera que para los efectos de usar la pierna, es una incapacidad parcial de grado alto.

"La evidencia ha demostrado además que para la fecha del accidente, el niño no iba a la escuela a causa de su corta edad y que actualmente asiste a la escuela José Julián Acosta, caminando bien con sus pies. La única incapacidad que le quedará, siguiendo al Dr. Rolenson, es una diferencia pequeña en el arco del pie izquierdo que está más bajo que el derecho. Es de conocimiento general que las fracturas de huesos en los brazos y piernas de los niños de corta edad, cuando se les atiende prontamente, como en este caso, curan rápidamente, y así el Dr. Rolenson le dió de alta en buenas condiciones dos meses y días después del accidente."

Puede verse claramente que la corte sentenciadora basó su sentencia en la declaración del Dr. Rolenson, que fué el perito llevado por los propios demandados, y no en la del Dr. Biascoechea, que lo fué del demandante. Además, examinadas las declaraciones de ambos peritos médicos encontramos que no solamente no son incompatibles entre sí, sino que se complementan una a la otra en lo substancial. También debe desestimarse este alegado error.

Carece, a nuestro juicio, de todo fundamento el segundo error, señalado por el menor, que se refiere a la no imposición de costas. El demandante Roberto García solicitó en su demanda una indemnización de $10,000. La corte de distrito le concedió $1,000, o sea una décima parte de lo solicitado. En esas circunstancias, ¿estuvieron o no estuvieron justificados los demandados en defenderse? Indudablemente que sí, por lo que no hay temeridad alguna que castigar. Cuando hay diferencia entre lo pedido en la demanda y lo concedido en la sentencia—concediéndose por ésta menos que lo pedido en aquélla—no puede haber temeridad por parte del demandado al defenderse. *Sucn. Del Toro* v. *Zambrana,* 27 D.P.R. 482; *Martínez* v. *Padilla,* 19 D.P.R. 582; *Central Pasto Viejo, Inc.* v. *Aponte,* 34 D.P.R. 890; *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 D.P.R. 507.

Además, el tribunal sentenciador tiene facultad discrecional para conceder costas, y como no se ha demostrado, según hemos visto, que se cometiera abuso alguno de discreción, este tribunal no debe intervenir en el ejercicio de esa discreción. *Cautiño et al.* v. *Muñoz et al.,* 18 D.P.R. 881; *Blanco* v. *Hernández et al.,* 18 D.P.R. 711; *Santisteban, Chavarri & Co.* v. *Sucn. Godoy,* 25 D.P.R. 614; *Morales* v. *Caraballo,* 27 D.P.R. 591; *Del Rosario* v. *Rucabado et al.,* 23 D.P.R. 473, 488.

Entremos a discutir ahora el recurso de Francisco García y Elena Ortiz, padres del menor.

La única declaración que hace referencia a los gastos en que incurrieron estos demandantes, es la de Elena Ortiz,

madre de Roberto. Entre médico, radiografía, placas y alimentos, dijo haber gastado algo más de $200; en farmacia, como $175; en la Clínica del Dr. García dijo haber gastado como $80; que con el Dr. Biascoechea había gastado como $75; como $90 y pico en alimentos, asistencia y cuidado. Tuvo tres hombres que cargaron al niño, en quienes invirtió alrededor de $48. Mientras en la demanda sostiene que sus gastos por concepto de clínica y farmacia sólo ascendieron a $33.75, en su declaración dijo que habían subido a $80; tampoco coinciden las cantidades por manutención, cuidados y asistencia, pues mientras en la demanda eleva la suma por ese concepto a $392.50, en su declaración sólo la hace ascender a $90 y pico; el Dr. Rolenson dijo que todos los gastos que había tenido en la asistencia de este niño, así como sus honorarios por servicios en el caso, le habían sido satisfechos por D. R. Carrión, Inc.; el Dr. Biascoechea declaró que había tratado el caso de Roberto García como uno de beneficencia. Y mientras eso declararon ellos, Elena Ortiz dice que gastó entre médicos, radiografías y placas algo más de $200. En cuanto a los $175 que dijo haber gastado en farmacia, nos parece que su declaración es muy general, pues no trató de puntualizar las partidas que forman esa suma global, y mucho menos durante qué transcurso de tiempo consumió esa cantidad; en otras palabras, no hay ni un recibo, ni la declaración de ninguna otra persona que corrobore lo que a este respecto dijo dicha Elena Ortiz.

Respecto a los alegados daños por pérdida de servicios del menor, la sentencia de la corte inferior está ampliamente sostenida por la declaración del Dr. Rolenson, a pesar de lo que sobre este particular declaró el Dr. Biascoechea. Y no habiéndose alegado que la corte actuara movida por pasión, prejuicio o parcialidad, o que incurriera en manifiesto error al apreciar la prueba, debe prevalecer la sentencia dictada. *Sánchez* v. *Maymí*, 22 D.P.R. 772, y *Guilbe* v. *American R. R. Co. of P. R.*, 27 D.P.R. 734.

No erró la corte inferior al declarar sin lugar la demanda. *Por las razones anteriormente expuestas, deben confirmarse las sentencias de 22 de abril de 1935 dictadas por la Corte de Distrito de San Juan en los casos de autos.*

El Juez Asociado Señor Córdova Dávila no intervino.