DOLORES TUYA VDA. DE GARCÍA, demandante y apelada, *v.* WHITE STAR BUS LINE, INC., demandada y apelante.

Núm. 8307.—*Sometido:* Diciembre 16, 1941. *Resuelto:* Enero 23, 1942.

C. Iriarte, F. Fernández Cuyar, H. González Blanes y F. Alvarado, Jr., abogados de la apelante; Donald R. Dexter, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Según hace constar la demandada apelante al comenzar su alegato, "no hay controversia alguna entre las partes en cuanto a los hechos esenciales del presente caso" pues la demandada "no ha controvertido su negligencia en el accidente ocurrido a la demandante y compareció ante el tribunal de distrito, aceptó su responsabilidad y puso en controversia únicamente las exageradas reclamaciones de daños formuladas por la demandante." Las partes están de acuerdo en que el accidente ocurrió en la siguiente forma:

"El día 19 de diciembre de 1939 mientras la demandante viajaba como pasajera en uno de los vehículos de la demandada en dirección de Santurce hacia San Juan, debido a ciertas reparaciones que se hacían en la Avenida Ponce de León el omnibus desvió su trayecto hacia el boulevard del Norte, siguió por esta vía hacia San Juan, y dobló una vez más hacia la Avenida Ponce de León por una corta calle que separa a Smallwood Brothers de la estación de bomberos de Puerta de Tierra. Al tomar el vehículo la curva de dicha calle hacia el Oeste, o sea hacia la Avenida Ponce de León, el conductor hizo caminar el vehículo a negligente velocidad de suerte que la demandante, quien viajaba en el primer asiento delantero, fué lanzada fuera del vehículo a la calle."

Alegó la demandante en su demanda que como consecuencia de dicho accidente sufrió "un serio colapso (shock) mental y nervioso y numerosos golpes, magullamientos y lesiones físicas de carácter externo e interno, de las cuales

la demandante ha venido sufriendo intensos dolores físicos y angustias mentales que la obligaron a guardar cama por varias semanas incurriendo en consecuencia, en extraordinarios gastos por tratamiento médico a que hubo de someterse, pérdida de tiempo y de atención a sus obligaciones como dueña de una casa pensión de la cual deriva su sustento, al igual que la pérdida y perjuicio sufrido en dicho negocio desde la fecha del accidente de referencia''. Y alegó que había sufrido daños y perjuicios en la suma de $3,000 que la demandada se ha negado a resarcir.

La demandada en su contestación negó que la demandante hubiera sufrido los daños que alegó pero admitió que el valor, justo y razonable de los mismos era el de $500, suma que había ofrecido pagar a la demandante por conducto de sus abogados los que se negaron a aceptarla. Solicitó la demandada se dictara sentencia en su contra por la indicada suma de $500.

Celebrado el juicio correspondiente la corte inferior declaró con lugar la demanda y dictó sentencia condenando a la demandada a pagar a la demandante la suma de $1,000 y las costas, sin incluir honorarios de abogado, de la que apeló la demandada en este recurso y alega que dicha corte cometió cuatro errores, a saber, (1) al permitir prueba sobre el valor de los servicios médicos y al tomar en cuenta la partida de $450 de los mismos porque la demandante no estableció las bases necesarias para su derecho a recobrar dicha partida; (2) al admitir prueba sobre gastos supuestamente tenidos por la demandante por concepto de pago de enfermeras . . . porque tales partidas constituyen . . . daños especiales y éstos no fueron alegados en la demanda ni se aportó prueba de su necesidad y de la razonabilidad de los mismos; (3) al permitir prueba sobre gastos de farmacia, vendajes, medicinas y radiografías, y (4) al fijar la indemnización en la suma de $1,000 por ser. ésta excesiva y exagerada.

▪ En la opinión dictada por el juez de la corte infe-
rior para sostener su sentencia se expresó, en parte, así:

"Celebrado el juicio el día 2 de los corrientes con asistencia de
las partes y sus abogados, se practicó prueba por la demandante con-
sistente en su declaración y la del Dr. Alonso, quien, en síntesis, dijo
lo siguiente: que el día 19 de diciembre de 1939 asistió a la deman-
dante que padecía de una contusión en el lado derecho del cuerpo y
otra en la pierna derecha con hematoma y equimosis, le prescribió
descanso en cama y un tratamiento de sedantes y compresas para las
lesiones; que ha estado asistiendo y visitando a la demandante desde
dicho día, habiéndola visto por última vez dos días antes del juicio;
que la demandante tiene en la pierna derecha una adherencia de la
piel que le produce dolor de cuando en cuando; y que sus servicios
valen $450, los que no le han sido satisfechos.

Declara la demandante haber estado recluída en cama durante seis
semanas, asistida por dos enfermeras, una de día y otra de noche,
pagándole a la de día $6 diarios y a la de noche $7 diarios; que ha
sufrido intensos dolores físicos, ha tenido una pérdida en su negocio
de $591, y ha gastado $25 en farmacia y otros $25 en radiografías;
que durante dos meses fué asistida por otra enfermera, a la que le
pagó $180.

Esa es, en síntesis, la prueba producida por la demandante, prueba
que, a excepción de los $591 que la misma declaró haber perdido en
su negocio, *no fué destruída en forma alguna.* En cuanto a esta pér-
dida, no vemos cómo es posible su existencia, ya que, a preguntas
del abogado de la demandada, dijo la demandante que su casa-pen-
sión había estado "llena todo el pasado año, toda la vida, y aún el
mismo día en que prestaba declaración."

"Tomando en consideración la ley y la jurisprudencia aplicables
a casos de esta naturaleza, las lesiones sufridas, y toda la prueba
aportada, resolvemos que la demandada debe pagar a la demandante,
por concepto de los daños y perjuicios sufridos por la misma como
consecuencia del accidente ocurrídole mientras viajaba como pasajera
en uno de los autobuses de la demandada, la suma de $1,000, cuya
cantidad estimamos como una justa y razonable compensación por
dichos daños y perjuicios." (Itálicas nuestras.)

La frase usada por la corte al efecto de que la prueba
de la demandante "no fué destruída en forma alguna" se
refiere al hecho de que la demandada, según aparece de la

transcripción de la evidencia, no presentó prueba en la vista del caso ante la corte inferior.

Al iniciar la discusión sobre el primer señalamiento, que se refiere a la partida de $450 para honorarios médicos, la apelante dice, a la página 4 de su alegato:

"En su demanda, la demandante no reclamó cantidad alguna específica por concepto de gastos habidos para pagar honorarios médicos, limitándose a decir que incurrió 'en extraordinarios gastos por tratamiento médico a que hubo de someterse' (párrafo sexto de la demanda, Transcripción de Autos, página 3). Si bien no consta ello en la Transcripción de Autos (*y ello es así porque este extremo no será motivo específico de imputación de error en esta apelación*), es lo cierto que antes de contestar la demanda, la demandada solicitó por escrito se le especificara 'cuáles fueron los gastos en que incurrió por tratamiento médico' la demandante, y asimismo que especificara la demandante 'en qué forma, de qué manera y por cuáles conceptos computa la suma de $3,000 como daños y perjuicios sufridos', solicitud que le fué negada por la corte inferior ..." (Itálicas nuestras.)

Si la propia demandada apelante admite que de la transcripción de autos no consta que la demandada solicitara que la demandante especificara cuáles fueron los gastos en que incurrió por tratamiento médico y que esto le fué denegado por la corte inferior, y que este extremo no será motivo específico de imputación de error en esta apelación, creemos que el primer error carece de méritos. En la demanda se alegó que la demandante incurrió "en extraordinarios gastos por tratamiento médico a que hubo de someterse" y de la prueba aparece que el Dr. Alonso declaró que asistió a la demandante durante ocho meses; que el tratamiento a que la sometió fué necesario y razonable para curarle las lesiones que recibió; que la demandante tiene en la pierna derecha una adherencia de la piel, debido a la hematoma, lesión que es dolorosa principalmente cuando se usa mucho la pierna; que la demandante como consecuencia del accidente necesitó tratamiento médico; que él no ha sido pagado

por la demandante y que el valor razonable de sus honorarios por los servicios prestados a la demandante es de $450. Esta prueba no fué contradicha en forma alguna por la demandada, pues como hemos dicho antes, ella no presentó prueba.

Sostiene la apelante, sin embargo que la prueba de servicios médicos valorados en $450 no tiene valor alguno en ley, ni era admisible, ni puede constituir parte integrante alguna de la cantidad a que tiene derecho la demandante, porque, de acuerdo con lo resuelto por esta Corte en el caso de *Roa* v. *Puig,* 19 D.P.R. 386, en casos de daños y perjuicios por lesiones corporales, cuando se incluye en los mismos la partida correspondiente a la cuenta de médicos es necesario probar lo siguiente:

"Primero, el verdadero pago que ha hecho la demandante de las cuentas o que el demandante está legalmente obligado a pagar las mismas, y que la suma es razonable, justa y correcta; y, segunda, que la asistencia médica fué necesaria debido a los perjuicios sufridos. (Citas.)"

Somos de opinión que la declaración del Dr. Alonso, cuyo extracto hemos hecho, cumplió con los requisitos apuntados en el caso de *Roa* v. *Puig,* supra. Él declaró que la suma de $450 era el valor razonable de sus honorarios y que la asistencia médica de la demandante fué necesaria. A falta de prueba en contrario presentada por la demandada, la corte inferior estuvo justificada en dar crédito a la declaración del Dr. Alonso y como consecuencia es de aplicación el artículo 18 de la Ley de Evidencia (art. 380 del Código de Enjuiciamiento Civil, ed. 1933) al efecto de que la evidencia directa de un testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo perjurio o traición. Que el testimonio del propio médico que asistió a la demandante es suficiente para cumplir con el requisito de que se pruebe la razonabilidad de los gastos por tratamiento médico, ha sido resuelto en muchos casos. Así en el de

*Missouri O. & G. R. Co.* v. *Collins,* (1915), 150 P. 142, la Corte Suprema de Oklahoma dijo lo siguiente:

"Cuando el médico que asistió al demandante declara que la suma cobrada por sus servicios es razonable, dicha evidencia es suficiente para someter esta partida de gastos al jurado. Si el demandado deseaba poner en controversia la razonabilidad de dicha cuenta, debió haber presentado evidencia encaminada a tal fin."

Véanse, además, los casos de *Missouri, K. & T. Ry. Co.,* v. *Dickey,* (Tex. Civ. App., 1898), 48 S. W. 626; *Tarrant County Traction Co.* v. *Bradshaw,* (Tex. Civ. App., 1916), 185 S. W. 951; *Houston & T. C. R. Co.* v. *Bird* (Tex. Civ. App., 1898) 48 S. W. 756, y *Fleming* v. *Chicago City R. Co.,* (1911), 163 Ill. App. 185.

No habiendo la demandada puesto en controversia la declaración del Dr. Alonso, presentando prueba en contrario, y no imputándose a la corte inferior el que actuara movida por pasión, prejuicio y parcialidad, el primer error no fué cometido.

Sí lo fueron, en nuestra opinión, el segundo y el tercero, al admitir la corte inferior prueba sobre gastos incurridos por la demandante en el pago de enfermeras, farmacia, vendajes, medicinas y radiografías. Estas partidas constituyen daños especiales y los mismos no fueron alegados en la demanda. La distinción entre daños generales y especiales está bien señalada en el caso de *Heirn* v. *McCaughan,* 66 Am. Dec. 588, 603, citado con aprobación por esta Corte Suprema en el de *Torres* v. *Ramírez,* 22 D.P.R. 450, 452, en la forma siguiente:

"Los daños que resultan necesariamente del acto que se denuncia se conocen con el nombre de daños generales, y pueden alegarse bajo la alegación ordinaria *ad damnum,* pues debe presumirse que el demandado sabe las consecuencias necesarias de su conducta. Pero los daños que no provienen necesariamente del acto denunciado, pero que tal vez sigan al mismo, se denominan daños especiales y deben ser alegados particularmente en la demanda, *o no se permitirá al demandante presentar prueba de los mismos.*" (Itálicas nuestras.)

En el caso de *Bullit* v. *Delaware Bus Co.,* 180 Atl. 519, citado por la apelante en su alegato se discute ampliamente esta cuestión y se sostiene que los daños especiales deben alegarse específica y detalladamente para evitar una sorpresa al demandado y para darle la oportunidad de probar que la suma reclamada es irrazonable y que si no se alegan no pueden ser recobrados.

En el reciente caso de *Font* v. *Viking Construction Co.,* 58 D.P.R. 689, aplicamos la misma regla pero resolvimos que si bien el error había sido cometido no procedía la revocación de la sentencia pues del total de la indemnización concedida podía rebajarse el importe de los daños especiales, y así lo hicimos.

En el caso de autos no hay duda alguna de que los gastos de enfermeras, medicinas y radiografías constituyen daños especiales que debieron ser alegados específicamente. 22 C. J. 776. Según la declaración prestada por la demandante, ella pagó $180 por gastos de enfermera, $25 por medicinas y $25 por radiografías. Es cierto que en cuanto a la partida de $25 por medicinas la demandada no objetó la pregunta hecha a la demandante como lo hizo al preguntársele sobre los otros gastos, pero somos de opinión que el caso es igual al de *García* v. *Fernández,* 52 D.P.R. 183, en el que por esta corte se resolvió lo siguiente:

". . . En cuanto a los $175 que dijo haber gastado en farmacia, nos parece que su declaración es muy general, pues no trató de puntualizar las partidas que forman esa suma global, y mucho menos durante qué transcurso de tiempo consumió esa cantidad; en otras palabras, no hay ni un recibo, ni la declaración de ninguna otra persona que corrobora lo que a este respecto dijo dicha Elena Ortiz."

La demandante no puntualizó en qué farmacia compró las medicinas, cuáles fueron éstas, durante qué tiempo las compró y tampoco presentó recibo alguno de su pago ni aclaró que las debiera y a quién.

Al igual que resolvimos en el caso de *Font* v. *Viking Construction Company,* supra, somos de opinión que los

errores cometidos no conllevan la revocación de la sentencia en este caso pero sí que de la suma de $1,000 concedida se deben deducir las partidas de $180, $25 y $25, o sean, $230.

██ Por el cuarto señalamiento se alega que la indemnización de $1,000 fijada por la corte inferior es excesiva y exagerada. Habiendo resuelto que deben deducirse los $230 indebidamente tomados en consideración al fijarse la indemuización ésta quedará reducida a $770, suma que no es exagerada ni excesiva si tenemos en consideración el hecho de que la demandada estaba conforme con pagar a la demandante $500, y reconociendo que el juez sentenciador estaba en mejores condiciones que nosotros para graduar la cuantía de la indemnización, y, repetimos, no habiéndose alegado que actuara movido por pasión, prejuicio o parcialidad, somos de opinión que no erró al elevar en la pequeña suma en que lo hizo, la cantidad que la propia demandada reconoció que debió ser condenada a pagar.

Por las razones expuestas, *se modifica la sentencia apelada, rebajando $230 de los $1,000 concedidos y fijando por tanto la indemnización en $770, y así modificada se confirma.*

El Juez Asociado Sr. Snyder no intervino.