DELGADO, DEMANDANTE Y APELANTE, *v.* DÍAZ, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre indemnización de daños y perjuicios.

No. 2404.—Resuelto en febrero 25, 1922.

APRECIACIÓN DE PRUEBA POR EL TRIBUNAL SUPREMO.—Cuando la corte inferior tuvo ante sí por efecto de una estipulación, meramente las declaraciones de testigos como fueron reproducidas de otro caso y no a los testigos mismos, el Tribunal Supremo está en las mismas condiciones que la corte de distrito para apreciar la prueba.

NEGLIGENCIA—AUTOMÓVIL—VELOCIDAD EXCESIVA.—Cuando algún viandante aparece en el camino frente a un *chauffeur* el deber de éste es controlar de tal modo su máquina como lo exijan las circunstancias y no tiene ningún derecho a confiar en su habilidad para pasar.

ID.—CUANTÍA DE LOS DAÑOS—CORTES Y HONORARIOS.—Probado que la causa inmediata del accidente fué la negligencia del *chauffeur*, y que el niño a causa del daño sufrido en una pierna quedaría más o menos imposibilitado para poder dedicarse a un trabajo estable, una sentencia por $3,000 con costas y honorarios de abogado es razonable.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Muñoz Morales.*

Abogado de la apelada: *Sr. L. Llorens Torres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, Sección Primera, eximió a la apelada del pago de daños y perjuicios con motivo de las lesiones causadas al apelante, cuyas lesiones se alega que se debieron a 'la negligencia del *chauffeur* de la apelada mientras guiaba un automóvil.

La apelada iba en el automóvil al momento de ocurrir el accidente.

La corte fué de opinión de que el accidente se debió a la súbita desviación en el camino, de dos niños que estaban delante del automóvil, lo que dió lugar a que el *chauffeur* chocara con el demandante.

El apelante insiste en que la causa próxima del accidente fué la gran velocidad que llevaba el automóvil en una carretera ancha y recta teniendo amplias oportunidades para ver hacia adelante.

Según entendemos la prueba, varios niños se encontraban hacia el centro de la carretera, e hicieron un esfuerzo por librarse del automóvil y al tratar el *chauffeur* de no chocar con ellos cogió al demandante, que era otro niño. La cuestión sin embargo que se nos presenta, es si el automóvil no iba tan rápidamente que era imposible para el *chauffeur* tener sobre su automóvil el control que la ley exige. No hubo prueba de negligencia contributoria.

Ocurre generalmente cuando tenemos que revisar la prueba, que la corte inferior ha estado en mejores condiciones de resolver el conflicto entre los testigos de una y otra parte y juzgar de su veracidad. Esta apelación presenta un aspecto completamente distinto. Toda la prueba respecto a la forma en que ocurrió el accidente fué, mediante estipulación, una transcripción de la prueba de otro caso. En otras palabras, la corte inferior tuvo ante sí meramente las declaraciones de los testigos como fueron reproducidas del otro caso y no a los testigos mismos. Ni fué tampoco el anterior caso juzgado en la misma corte, ni por el juez que la presidía en este caso. Por tanto, tal como la prueba mera-

mente aparecía de los autos, estamos en la misma condición para apreciar los hechos que la que tuvo la corte inferior.

La prueba así presentada es robusta y convincente en cuanto a que el *chauffeur* de la apelada iba con una velocidad muy exagerada; que los niños a quienes el *chauffeur* trató de no golpear pudieron ser vistos claramente, y se infiere necesariamente que si al verlos hubiera reducido su velocidad en vez de tratar de no chocar con ellos probablemente el accidente no hubiera ocurrido. Cuando alguien aparece en el camino frente a un *chauffeur* su deber es controlar de tal modo su máquina como lo exijan las circunstancias. La ley, como ha sido expuesta en el caso de *El Pueblo* v. *Blandford,* 23 D. P. R. 625, es de aplicación. Un *chauffeur* no tiene ningún derecho a confiar en su habilidad para poder pasar. La prueba tiende a demostrar que no solamente hubo exagerada velocidad, sino que ésta excedía al límite fijado. Por tanto, debe revocarse la sentencia y dictarse otra a favor del demandante.

Hemos dicho que la prueba del accidente fué tomada de otros autos, pero en este caso se presentaron testigos para probar la naturaleza de los golpes y la cuantía de los daños y perjuicios. El niño sufrió un daño en una pierna, el cual los peritos declaran que quedaría más o menos incapacitado para poder dedicarse a un trabajo estable. Por tanto, fijamos los daños y perjuicios en la suma de $3,000 con costas y honorarios de abogado.

> *Revocada la sentencia apelada y condenada la demandada-apelada a pagar tres mil dólares de indemnización, con costas y honorarios de abogado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.