Ana María Matos, menor de edad representada por su madre con patria potestad Teresa Matos, demandante y apelada, *v.* Sucn. de Joaquín Gómez de Agüero, compuesta de sus hermanos Antonio, Ana y Pilar Gómez de Agüero y sus sobrinos Manuel Benigno y Virginia Gómez de Agüero y Aldea, demandados y apelantes.

No. 5880.—*Sometido:* Junio 20, 1932. *Resuelto·:* Julio 29, 1932.

*H. Torres Solá,* abogado de los apelantes Antonio, Ana y Pilar Gómez de Agüero; *L. Mercader,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de filiación. Se solicita la desestimación del recurso interpuesto en el mismo por frívolo.

Presentada la demanda, se alegó por varios demandados que no aducía hechos suficientes para determinar una causa de acción. La excepción se declaró sin lugar. Fué el pleito a juicio y practicada la prueba, la corte dictó sentencia concediendo lo pedido en la demanda. La sentencia se basa en una relación del caso y opinión que en parte dice:

"Por el resultado de la evidencia, la corte estima demostrado que allá en el año 1916, siendo Teresa Matos una señorita, entabló relaciones amorosas con Joaquín Gómez de Agüero, con quien vivió en concubinato bajo un mismo techo, como marido y mujer, y como resultado de dichas relaciones nació la demandante Ana María Matos, en el pueblo de Utuado, el 18 de mayo de 1917; que Joaquín Gómez de Agüero y Teresa Matos eran al tiempo de la concepción y del nacimiento de la niña, viudo él, y soltera ella, no siendo parientes, y no existiendo impedimento alguno para contraer matrimonio; que desde el nacimiento de la niña, hasta la muerte de Joaquín Gómez de Agüero, éste se ocupó de la alimentación, vestido y educación de aquélla, la presentaba en público y en privado como su hija, llamándose padre y manifestó siempre su propósito o intención de reconocerla legalmente.

"La evidencia en el presente caso es clara y convincente de que la madre fué conocida viviendo en concubinato con el padre, durante el embarazo y al tiempo del nacimiento de la hija, así como de que ésta se hallaba en la posesión continua del estado de hija natural del padre, justificado por actos de éste.

"Existen también documentos que si bien expresamente no reconocen la paternidad, fortalecen, sin embargo, el caso de la demandante. Estos documentos son los siguientes: una tarjeta postal, de fecha mayo 11, 1924, dirigida por Joaquín Gómez de Agüero, desde Río Piedras, a Luiz Gómez, del barrio Arena, de Utuado, donde le dice que se había operado hacía poco, que se embarcaba para Barcelona, y que le llevara la niñita para verla; carta de julio 12, 1924, dirigida desde Barcelona al propio Luis Gómez, donde le comunica Joaquín Gómez de Agüero que en la semana próxima le enviará un recuerdito para Ana María, o sea un pañuelito y un agarre de pelo, y carta de 21 de enero de 1925, dirigida por el mismo Joaquín Gómez de Agüero al Sr. Luis Gómez, desde Barcelona, donde le anuncia el envío por correo de dos muñequitos para que los mande a Ana María.

"Joaquín Gómez de Agüero contrajo segundas nupcias en el año 1921, siendo ello la causa del rompimiento de las relaciones con Teresa Matos, y de los documentos presentados se desprende que aun después de dicho matrimonio él quedó ocupándose de la niña Ana María, fruto de sus relaciones con Teresa Matos.

"El demandado Antonio Gómez de Agüero declaró además que si bien nunca tuvo conocimiento que su hermano tuviera una hija natural, él escribió una carta antes de su muerte haciendo la recomendación de que se le asignara una cantidad, o que se le hiciera un regalo a Ana María.

"Con respecto a la segunda causa de acción, sobre entrega de bienes hereditarios y sus frutos, no se presentó evidencia alguna por la demandante para sostenerla.

"Los demandados Antonio, Ana y Pilar Gómez de Agüero, quienes han contestado la demanda, han alegado respecto a esta causa, que el finado Joaquín Gómez de Agüero otorgó disposición testamentaria a favor de dichos codemandados, en una carta escrita en Barcelona, España, el 10 de octubre de 1929, en forma epistolar, cuya declaración de testamento se ha solicitado en demanda radicada en esta corte bajo el número 11422, de 25 de enero de 1930, contra Manuel Benigno y Virginia Gómez de Agüero y Aldea; que Joaquín Gómez de Agüero falleció sin dejar descendencia legítima, ni tampoco ascendencia, siendo sus parientes más próximos los aquí

demandados; que Antonio, Ana y Pilar Gómez de Agüero, han aceptado la herencia, pero a beneficio de inventario; que parte de los bienes de la herencia están constituídos por los que se describen en la demanda, y proceden de la partición de bienes de Concepción Berrocal y Gómez de Agüero, donde se ha adjudicado mayor cantidad de la de $598.26⅓ que en la demanda se reseña bajo la letra E, procedente de dicha herencia y sus frutos; que Joaquín Gómez de Agüero dejó a su fallecimiento otros bienes consistentes en dinero en bancos, valores y efectos cuya cuantía aun se desconoce, dejando también deudas con cargo al caudal, y habiéndose incurrido en gastos con motivo de la enfermedad, entierro y funerales.

"Dichos demandados también alegan que ellos no han entrado en posesión de los bienes del finado en cuestión.

"Si el alegado testamento en forma epistolar tiene validez legal, no es materia envuelta en este pleito, y no existe base para resolver, que en oposición a las pretensiones de los demandados y a falta de ascendientes y descendientes legítimos, la demandante (no) es la única y universal heredera de Joaquín Gómez de Agüero y que todos los bienes le corresponden, vista la sección 26 de la ley de 9 de marzo, 1905, para modificar y derogar ciertos artículos del Código Civil.

"El hecho declarado de ser un hijo natural reconocido lo hace un heredero de su padre, sin ulterior declaración. Méndez v. Martínez, 26 D.P.R. 96.

"Por las razones expuestas, se declara con lugar la demanda en su primera causa de acción, y en su consecuencia, que Ana María Matos, que nació el 18 de mayo, 1917, es hija natural reconocida de Joaquín Gómez de Agüero, tenida con Teresa Matos, y con derecho a llevar su apellido y a heredarle conforme a ley, ordenándose se tome razón del reconocimiento, mediante nota marginal, en el acta de nacimiento de la demandante al folio 217 del libro 13, inscripción 429, del Registro Civil de Utuado; y se declara sin lugar la demanda respecto a la segunda causa de acción, sobre entrega de bienes hereditarios y sus frutos, sin perjuicio del derecho que tiene la demandante de reclamar y percibir la herencia que le corresponda de acuerdo con la ley; sin especial condenación de costas."

El pleito fué iniciado en abril de 1930. La sentencia se dictó en mayo de 1931. La transcripción no se radicó en esta corte hasta el 23 de marzo de 1932. El alegato que debió presentarse diez días después no se archivó hasta mayo 26, 1932, a virtud de prórrogas concedidas. La moción de

desestimación se presentó el 30 de mayo. Los apelantes se limitan a oponerse por escrito, alegando que los argumentos de la moción se dirigían a rebatir los errores por ellos señalados, lo que es entrar en el fondo del recurso. No comparecieron a la vista de la moción.

En una moción de frivolidad puede entrarse en el estudio y consideración de los errores señalados y en el fondo del asunto cuando aparentemente fondo y errores resultan frívolos. En tal caso el recurso debe ser desestimado a fin de no dilatar innecesariamente la obra reparadora de la justicia.

■ Un estudio de la moción y del alegato nos lleva a concluir que asiste la razón a la apelada. Tres errores se señalan por los apelantes. Por el primero se alega que erró la corte al declarar sin lugar su excepción de falta de hechos y al discutirlo todo lo que se sostiene es que la demanda no es suficiente porque al demandarse a la Sucesión de Joaquín Gómez, especificando quiénes la componían, no se incluyó a la viuda del causante ni se alegó que no existiera. Esa cuestión no fué levantada propiamente ante la corte sentenciadora. Debió serlo a virtud de una excepción de falta de partes demandadas.

■ El segundo error se refiere al cometido por la corte al admitir una certificación del registro civil por no ser una copia literal del asiento. Así se formuló la excepción. La corte de distrito examinó el documento y resolvió que era una copia en forma. Lo hemos examinado por nosotros mismos y encontramos que puede sostenerse la conclusión de la corte. Además, el hecho del nacimiento de la niña que reclama su filiación se probó independientemente.

El tercero y último error se formuló así:

"La corte erró al declarar con lugar la demanda, por ser la sentencia contraria a derecho."

Al argumentarlo todo lo que se hace es referirse a las dos cuestiones que se discutieron en los dos primeros errores.

No se impugna la apreciación de la prueba por parte del tribunal sentenciador. Se trata claramente de un recurso frívolo.

*Debe declararse con lugar la moción y en su consecuencia desestimarse la apelación interpuesta.*