Los Menores Juan Ramón, Marcelino, Anselmo y Juana Herminia Ruberté, conocida por Virginia, representados por su Defensor Judicial Pablo Ruberté, demandantes y apelantes, *v.* The American Railroad Company of Puerto Rico, demandada y apelada.

Núm. 6846.—*Sometido:* Junio 7, 1937. *Resuelto:* Julio 31, 1937.

*Fernando B. Fornaris, R. Hernández Matos* y *E. Huertas Zayas,* abogados de los apelantes; *Mariano Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La Central Fortuna es dueña de una vía ferroviaria que conecta con los rieles de la American Railroad Company. Tanto la Central Fortuna como la American Railroad Company hacen otras operaciones por esta vía de la Central Fortuna. Estos rieles cruzan la carretera. que conduce de Santa Isabel a Ponce y el accidente, o los hechos que contribuyeron al accidente en este caso, ocurrieron todos cerca de la intersección de dicha vía con la carretera que está entre Santa Isabel y Ponce.

El día del accidente la American Railroad Company había enviado un automóvil ferroviario por dicha vía para algún fin, relacionado quizá con la recolección de las cañas que tendría lugar algún tiempo después. Mientras éste se acercaba al cruce el conductor del automóvil de vía vió un camión Graham Paige que venía por la carretera de Ponce a Santa Isabel. El conductor, conforme creyó la corte inferior, tocó el *klaxon,* redujo la velocidad y se detuvo con la prontitud que le fué posible, pero de hecho penetró una corta distancia en la carretera que está entre Santa Isabel y Ponce. Se desprende que a no ser por haber visto el camión Graham, el conductor de la teresina hubiera actuado como si tuviera la vía franca. Hacia la izquierda del conductor la carretera de Santa Isabel a Ponce es obscurecida por árboles y foresta. Todos los testigos declararon respecto al hecho de que un camión que venga de Santa Isabel no puede ver la vía hacia la derecha, y las personas que caminen por la vía en dirección al cruce, conforme lo hacía el automóvil ferroviario, no puede ver los vehículos que vengan de Santa Isabel.

Casi en el preciso momento en que se detuvo el automóvil de vía fué chocado por un camión Ford que se dirigía de Santa Isabel a Ponce. El impacto del camión fué suficientemente fuerte para sacar a la teresina fuera de los rieles, un corto trecho hacia Ponce. Esta colisión, o la posibilidad del choque, fué vista por el conductor del camión Graham cuando estaba como a diez metros o cosa así del automóvil de vía. El testimonio difiere en lo que a la velocidad a que el camión Graham corría, mas la corte inferior creyó que éste viajaba a mucha velocidad. El chófer del camión Graham Paige creyó que tendría un accidente de seguir adelante y por tanto viró rápidamente hacia su derecha por un camino vecinal; el camión se volcó hacia su izquierda y mató a Justo Ruberté, cuyos herederos y padre han instado los varios pleitos que están ante nos. El litigio fué iniciado contra la American Railroad Company y la Corte de Distrito de Ponce dictó sentencia en favor de la demandada.

Uno de los señalamientos de error era que la demandada, American Railroad Company, estaba obligada a tener un guardabarrera o cadenas en el cruce del ferrocarril y la carretera. En tiempos de cosecha la Central Fortuna tenía allí un guardabarrra, pero fuera del período de zafra, no se tomaba esta precaución. Ha habido mucha discusión en torno a si la American Railroad Company al correr trenes o vehículos por este camino no estaba obligada a mantener un guardián de alguna clase. No hallamos que la ley escrita claramente imponga este deber a una compañía ferroviaria que usa una vía que no le pertenece. Quizá surgió alguna obligación en la American Railroad Company cuando inesperadamente usó la vía o tal vez surgió algún deber en la Central de mantener un guardabarrera cuando tenía conocimiento de que sus vías iban a ser utilizadas. Desde el ángulo en que enfocamos este caso, es innecesario decidir positivamente si la American Railroad Company estaba específicamente obligada por ley a mantener un guardabarrera.

En el momento que escribimos esta opinión no tenemos pleno conocimiento de la naturaleza de la vía poseída por la Central Fortuna. Probablemente no importa mucho el sentido en que el automóvil ferroviario perteneciente a la American Railroad Company ocupó las vías de la Central Fortuna. En toda la Isla de Puerto Rico existen vías ferroviarias pertenecientes a corporaciones y a entidades privadas que prácticamente nunca son usadas a no ser en tiempo de cosecha o en tiempos inmediatamente anteriores o posteriores a éste. Una persona que viaja por una carretera en un vehículo de motor no está, de ordinario, obligada a tomar el mismo cuidado al pasar por una de estas vías que aquél que cruza las vías regulares de la American Railroad Company. Las personas que transitan por las carreteras siempre están obligadas a tomar ciertas precauciones, mas no creemos que estén obligadas a pararse, mirar y oír cada vez que se acercan a una vía ferroviaria, especialmente si ésta no pertenece a una corporación de servicio público que puede usarla en cualquier momento. La intersección era un paso a nivel. En otras palabras, que las personas que transitan por la carretera, y desde luego aquéllas que vienen de Ponce, pueden ver una larga distancia hacia adelante.

Donde se tienen guardabarreras durante una buena parte del año no se espera que los que viajan por la carretera tomen un cuidado extraordinario, sino solamente uno razonable. La prueba no nos convence de que el camión Graham o el camión Ford corrieran a mucha velocidad, o a una velocidad que un hombre de ordinaria prudencia no hubiera caminado.

Surgió la cuestión relativa a si el chófer del camión Graham actuó en una emergencia. Los letrados de los apelantes admitieron durante la vista que si el chófer hubiera continuado su camino, probablemente hubiese cruzado la vía sin ocurrirle nada. No obstante, estamos contestes con los apelantes en que él tenía derecho a creer que de continuar podía tener serias dificultades, de no tener un choque. La

apelada no está equivocada al sostener que la American Railroad Company estaría totalmente exonerada si sin justificación el conductor del camión Graham hubiera virado hacia la derecha.

La prueba, según hemos dicho, no nos convence de que el conductor del camión Ford caminara a una velocidad excesiva. Tampoco estamos convencidos de que él pudo ver el automóvil de vía o aún haber oído su bocina, asumiendo, conforme lo hacemos, que ésta se tocara. Hemos tenido distintas impresiones en este caso, pero en el análisis final no podemos convenir con la corte inferior en que el proceder de los chóferes de los dos camiones, conforme fué analizado separadamente por ella, fuera negligente.

Ahora bien, desde luego, la causa física de la muerte de Justo Ruberté fué el proceder del camión Graham Paige, mas la actuación del chófer del Graham Paige fué tan inocente como la de la última persona que lanzó el buscapiés en el famoso caso de *Scott* v. *Shepherd,* 2 W. Bl. 892. El accidente en su consecuencia se debió necesariamente a la conducta del camión Ford o a la de la compañía ferroviaria y hemos exonerado al camión Ford.

Por tanto, la cuestión principalmente surge en torno a si el automóvil de vía que estaba bajo el control de la American Railroad Company fué culpable de negligencia, y creemos que lo fué. Bajo los hechos reseñados, los derechos de los viajeros por la vía pública entre Santa Isabel y Ponce eran mayores que los derechos del automóvil ferroviario. Nada hallamos en los autos que demuestre que el automóvil de vía tuviera un derecho superior o un derecho aún igual a pasar por aquel cruce. Las personas que transitan por las carreteras en esta época específica del año no tienen el deber de esperar que salga una teresina. Por otra parte, el conductor del automóvil ferroviario estaba obligado a saber que iba a cruzar una carretera de mucho tránsito. A tal extremo que dada la obstrucción por el follaje, creemos que en ausencia del guardabarrera, era el deber del conductor

del automóvil de vía hacer cuanto estaba a su alcance para evitar un choque, aun quizá mandar un observador a manera de vigía.

*Debe revocarse la sentencia apelada, y en su lugar dictarse otra declarando con lugar la demanda y condenando a la demandada American Railroad Company of Porto Rico a pagar a los demandantes mancomunadamente la suma de $4,000 por concepto de daños y perjuicios, todo ello sin especial condenación de costas.*

El Juez Asociado Señor Córdova Dávila no intervino.