LIBORIO SÁNCHEZ, demandante y apelado, *v.* SUCN. J. SERRALLÉS y GERARDO DEL VALLE, demandados y apelantes.

Núm. 7345.—*Sometido:* Marzo 24, 1938. *Resuelto:* Abril 20, 1938.

*J. Valldejuli Rodríguez,* abogado de los apelantes; *Manuel A. Rivera,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Ésta es una acción de daños y perjuicios que ejercita Liborio Sánchez por la muerte de su hija menor de edad, Rissalina. En la primera de las dos causas de acción de que consta la demanda se alega, entre otros hechos, que en la tarde del día 23 de marzo de 1934 mientras Gerardo del Valle actuaba como dependiente y empleado de la empresa Central Mercedita, conduciendo de Coamo a Juana Díaz la guagua número C–711, propiedad de aquélla, "sin ejercer el debido cuidado y tomar las precauciones razonables para garantizar la vida y propiedades, con manifiesta negligencia y en estado de embriaguez, poniendo el vehículo que guiaba a una velocidad exagerada, sin tocar bocina ni señal alguna, en una línea recta abandonó el centro de la carretera, sin ninguna necesidad, arrollando con el guardalodo derecho a la niña Rissalina . . . . que se encontraba parada al margen de la cuneta, frente a la casa vivienda del demandante . . ." y le produjo la muerte horas más tarde; que el hecho le ocasionó, tanto a él como a su esposa sufrimientos morales y trastornos en sus sistemas nerviosos, que aprecia en $10,000. La segunda causa de acción contiene una relación detallada de daños específicos que ascienden a $143.50, por los conceptos siguientes:

(a) Al Dr. Guillermo Ortiz, por la inmediata asistencia _____ $25.00
(b) A la Farmacia Betances _____ 3.50
(c) Funerales, incluyendo ataúd _____ 40.00
(d) Panteón _____ 50.00
(e) Gastos de automóvil y otros más, en el velorio ___ 25.00

$143.50

Contestaron los demandados negando específicamente todas las alegaciones, y como defensas especiales reprodujeron la excepción previa de falta de hechos y le imputaron al demandante la causa del accidente por permitirle a su hija cruzar la carretera cuando transitaban por ella vehículos.

Se celebró la vista que duró cuatro días, y en 2 de octubre de 1935 recayó sentencia por la que se condena a los demandados a pagar solidariamente al demandante la suma de $3,000, más las costas, desembolsos y honorarios de abogado. No conforme los demandados, apelaron. Señalan cinco errores en su alegato. Por referirse a la evidencia y a su apreciación por el juez, consideraremos conjuntamente los tres primeros. Dicen así:

"1. Que la sentencia en este caso es contraria a la evidencia desleída en el caso, la cual fué erróneamente apreciada por el tribunal.

"2. No haber declarado el Tribunal de Distrito de Ponce que el demandante y su hija Rissalina Sánchez, por sus actuaciones, determinaron la ocurrencia del accidente objeto de este pleito.

"3. Haber dictado sentencia adversa a los demandados, a pesar de la declaración del tribunal de que el codemandado Gerardo del Valle no estaba en estado de embriaguez, sobre la cual situación se basa fundamentalmente el presente pleito."

█ La corte inferior encontró probados los hechos que a continuación transcribimos de la opinión que emitiera en este caso:

"La Corte, como resultado de las admisiones hechas en la vista del caso y de la evidencia introducida por ambas partes, y apreciada en conjunto, declara probados satisfactoriamente los siguientes hechos:

"El demandante Liborio Sánchez es mayor de edad, casado con Felícita Berly y padre legítimo de la niña Rissalina, habida en dicho matrimonio.

"La demandada, 'Sucesión J. Serrallés,' es una sociedad civil, agrícola e industrial, con domicilio y oficina abierta en la Central 'Mercedita,' de Ponce. Y el otro demandado, Gerardo del Valle, es también mayor de edad, vecino de Ponce y empleado de la Sucesión J. Serrallés en la época del accidente origen de este pleito, y lo es en la actualidad.

"La demandada Sucesión J. Serrallés tiene fincas en Coamo y Aibonito y Gerardo del Valle, ayudante de cultivo de la Sucesión, estaba encargado de visitar esas fincas el día 23 de marzo de 1934 en que ocurrió el accidente y Gerardo del Valle siempre tenía un automóvil de la Central Mercedita para ir a dichas propiedades. El carro, tablilla C–711, que guiaba el día del accidente Gerardo

del Valle, era entonces propiedad de la demandada Sucesión J. Serrallés.

"El día 23 de marzo de 1934 como a las cuatro y media de la tarde, el demandado Gerardo del Valle regresaba de Aibonito a la Central Mercedita en el curso de su empleo como ayudante de cultivo y jefe del ganado de la Sucesión Serrallés, manejando el automóvil tablilla C–711, propiedad de la otra demandada, por la Carretera Central. Al pasar el demandado Del Valle por el kilómetro 105 de dicha carretera, conduciendo el referido auto a una velocidad exagerada, sin tocar bocina ni ningún otro instrumento de alarma, haciendo zig-zags, abandonó el centro de la carretera arrollando a la niña Rissalina Sánchez Berly, quien se hallaba entonces en el paseo de la orilla derecha de la carretera (de Coamo para Ponce), causándole la fractura de la base del cráneo, la fractura del muslo derecho y erosiones en distintas partes del cuerpo de la niña Rissalina; falleciendo la niña entre siete y ocho de la noche del mismo día, a causa de la fractura de la base del cráneo."

Hemos leído detenidamente la transcripción de la evidencia que consta de 632 páginas, y el alegato de los demandados apelantes, que la resume y comenta brevemente. Ni de una ni de otro surgen los errores que se imputan al juez sentenciador. Lo único que el caso presenta es un conflicto de evidencia, cuya resolución por el juez, que ve y oye los testigos, no debemos alterar, a menos que exista manifiesto error de apreciación o medie la pasión, el prejuicio o la parcialidad. Lejos de incurrir el juez en ninguno de esos vicios, su opinión está inspirada en la evidencia que desfiló ante él, que sostiene ampliamente sus conclusiones. En circunstancias iguales, este tribunal ha respetado siempre el criterio de la corte inferior. Véanse, entre otros casos, *Pietri* v. *Bacó*, 52 D.P.R. 82, y casos en él citados; *García* v. *Fernández*, 52 D.P.R. 183; *Bonilla* v. *Mitchel*, 51 D.P.R. 126; *López* v. *American Railroad Co. of P. R.*, 50 D.P.R. 1; *Rivera* v. *R. Ruiz & Co.*, 48 D.P.R. 850. Deben, pues, desestimarse dichos tres errores.

█ El cuarto dice así:

"Que la sentencia dictada es excesiva e improcedente."

Citan los apelantes en apoyo de este señalamiento cinco casos de este tribunal en que la cuantía concedida no excedió de $2,000. Tan sólo dos de ellos son casos de muerte. Pero prescindiendo de ese hecho, la cantidad que como daños se concede a un reclamante depende de tantas y tan variadas circunstancias, que no puede considerarse un caso específico como precedente que estemos obligados a seguir para resolver otros casos. Prueba de ello es el hecho de que en el caso reciente de *Ruberté* v. *American Railroad Co.*, 52 D.P.R. 164, esta Corte Suprema concedió $4,000 por la muerte del causante de los demandantes, y en el de *Hance* v. *R. Méndez & Hnos.*, 52 D.P.R. 336, concedimos $3,000 al padre por la muerte de su hijo. En *Carrio* v. *Compañía Insular de Transporte, Inc.*, 49 D.P.R. 41, y en *Delgado* v. *Díaz*, 30 D.P.R. 120, no se trataba de casos de muerte, y sin embargo se concedieron indemnizaciones de $3,000 en cada uno de ellos. Dentro de las circunstancias de este caso no es, a nuestro juicio, excesiva la suma de $3,000, a cuyo pago fueron condenados los demandados.

El quinto error se refiere a la imposición de costas. Dice así:

"Haber condenado a los demandados al pago de las costas, desembolsos y honorarios de abogado del demandante, ya que de la propia sentencia del Tribunal no aparece temeridad de los demandados en defenderse, puesto que se reclamaban $10,000 y la Corte, a pesar de ser excesiva la cuantía, adjudicó $3,000."

Sostienen los apelantes que no hubo temeridad en defenderse de una reclamación de $10,000 cuando la corte sólo concedió $3,000. La ley vigente en la fecha de esta sentencia dejaba a la discreción de las cortes de distrito la concesión de costas y honorarios de abogado. Los apelantes no han demostrado que el juez inferior abusara en el ejercicio de esa discreción, siendo aplicable, por tanto, lo resuelto en *García* v. *Fernández*, supra, donde dijimos:

"Además, el tribunal sentenciador tiene facultad discrecional para conceder costas, y como no se ha demostrado, según hemos visto, que

se cometiera abuso alguno de discreción, este tribunal no debe intervenir en el ejercicio de esa discreción. *Cautiño et al.* v. *Muñoz et al.,* 18 D.P.R. 881; *Blanco* v. *Hernández et al.,* 18 D.P.R. 711; *Santisteban Chavarri & Co.* v. *Sucn. Godoy,* 25 D.P.R. 614; *Morales* v. *Caraballo,* 27 D.P.R. 591; *Del Rosario* v. *Rucabado et al.,* 23 D.P.R. 473, 488.''

*Por las razones expuestas la sentencia recurrida debe ser confirmada.*