Los menores JUAN RAMÓN RUBERTÉ ET ALS., demandantes y apelantes, *v.* AMERICAN RAILROAD COMPANY, demandada y apelada.

Núm. 7687.—*Sometido:* Mayo 9, 1938. *Resuelto:* Mayo 13, 1938.

*Fernando B. Fornaris, R. Hernández Matos* y *E. Huertas Zayas,* abogados de los apelantes; *Mariano Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

En una acción de daños y perjuicios este tribunal revocó la sentencia dictada en favor de la demandada y dictó sentencia por la suma de $4,000 a favor de los demandantes. *Ruberté* v. *American Railroad Company,* 52 D.P.R. 164. La demandada consignó en la corte de distrito el importe de la sentencia con intereses al seis por ciento a partir de la fecha en que se dictó la misma. Los demandantes invocaron los artículos 306 y 341 del Código de Enjuiciamiento Civil en apoyo de una moción radicada en la corte de distrito solicitando se dictara resolución ordenando al secretario que incluyera en la sentencia por $4,000 intereses a partir de la fecha de la sentencia dictada por la corte de distrito declarando sin lugar la demanda. El presente recurso ha sido interpuesto contra la orden que denegó esa moción.

Con fecha 31 de enero de 1938 este tribunal concedió a los apelantes una prórroga para radicar su alegato. En 30 de marzo los apelantes solicitaron nuevo término. La apelada se opuso basándose, entre otras cosas, en que de la moción no se desprendían fundamentos meritorios para la apelación. La apelada también solicitó la desestimación del recurso por frívolo.

Los apelantes indican que en su moción solicitando un nuevo término ellos hicieron constar que la cuestión envuelta era "interesante y substancial." Adujeron como razones

adicionales por las cuales el recurso de apelación debía ser considerado en sus méritos, las siguientes:

"La cuestión es nueva en este Tribunal; el artículo 306 del Código de Enjuiciamiento Civil (ed. 1933), dispone que cuando este Tribunal revocare la sentencia de una corte de distrito 'procederá a pronunciar la sentencia, orden o decreto que debió haber dictado el tribunal inferior;' esta disposición no se halla en el artículo 958 del código de California, sino que es una innovación; si este Tribunal pronuncia la sentencia que la corte de distrito debió haber dictado, ella se retrotrae a la fecha de la sentencia dictada por la corte de distrito y los intereses deben contarse a partir de dicha fecha; los intereses se incluyen por ministerio de ley; la naturaleza del recurso no es importante (artículo 341 del Código de Enjuiciamiento Civil, y *Hernández Mena,* v. *Foote,* 22 D.P.R. 759, 760); los intereses son concedidos por el artículo 341 como indemnización de un derecho de que se ha privado a una parte por negarse la parte vencida a confesar su culpa; este derecho a recibir intereses no debe ser perjudicado por un error judicial; 'Los intereses contados a partir de la fecha de la sentencia no son afectados por la modificación de la sentencia en apelación,' Kerr's Cyclopedic Codes of California (1920, Seg. Ed.), vol 3, Parte 2da., 2376, sección 1035, y *Clark* v. *Dunnam,* 46 Cal. 205, 208; 'los intereses deben ser concedidos a partir de la fecha en que se dicta la sentencia, y cuando la sentencia es modificada en apelación, ella debe devengar intereses a partir de la fecha en que originalmente se dictó y no desde la fecha en que fué modificada,' *Barnhart.* v. *Edwards,* 128 Cal. 572; 'en acciones en cobro de dinero por sentencia, los intereses se conceden generalmente como daños y perjuicios,' *Perkins* v. *Fourniquet,* 14 L. Ed. 441, 14 How. 328; la reclamación de los demandantes quedó liquidada y sustanciada por la sentencia de este Tribunal, y esa sentencia, siendo la que la corte de distrito debió haber dictado, se retrotrae al 16 de noviembre de 1932, y los intereses se cuentan a partir de ese fecha por ministerio del derecho escrito."

Conforme se indica en el caso de *Franceschi Ex parte y López de Tord,* ante pág. 75, la regla general en casos de esta índole puede ser hallada en 33 C.J. pág. 248, sección 161. Los argumentos de los apelantes dejan de convencernos de que la apelación tenga algunos méritos y la contención de la apelada de que la misma es claramente frívola debe ser sostenida.

*Debe declararse sin lugar la moción de nuevo término y desestimarse el recurso.*