DOLORES VÁZQUEZ, representada por su padre con patria potestad, JUAN VÁZQUEZ, demandante y apelada, *v.* DR. J. R. LAUGIER, demandado y apelante.

Núm. 8461.—*Sometido:* Mayo 4, 1942. *Resuelto:* Mayo 18, 1942.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abo-
gados del apelante; *Virgilio Brunet,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribu-
nal.

■ Oímos este caso en una moción para desestimar la
apelación por frívola. "En una moción de frivolidad puede
entrarse en el estudio y consideración de los errores señalados
y en el fondo del asunto . . . a fin de no dilatar innecesaria-
mente la obra reparadora de la justicia." *Matos* v. *Sucn.
Gómez de Agüero,* 43 D.P.R. 930, 934.

La demandante es una niña de diez años de edad. Fué
mordida en el muslo derecho cerca de la ingle por un perro
propiedad del demandado. La herida se infectó, y ella fué
hospitalizada por diez o doce días, durante los cuales los teji-
dos infectados fueron cortados en una operación. Esto dejó
una cicatriz que limita hasta cierto punto el movimiento de
su pierna. El perito de la demandante admitió que una sim-
ple operación restablecería una completa libertad de movi-
miento. El perito del demandado declaró que la operación
no era necesaria excepto por razones de estética. La corte
de distrito resolvió que la demandante "no ha quedado sus-
tancialmente afectada por la herida."

La corte de distrito dictó sentencia a favor de la deman-
dante por seiscientos dólares. El único error señalado en
apelación es que la cantidad concedida fué excesiva. El de-
mandado llama nuestra atención hacia cuatro casos. En *Fe-
rrer* v. *Rivera,* 56 D.P.R. 504, un niño fué mordido dos veces
por un perro. No resultó incapacidad alguna, y esta corte
le concedió cien dólares. El caso de *Torres* v. *Dávila,* 47
D.P.R. 315, envolvía hechos similares. El niño recibió dos-
cientos cincuenta dólares. En *Osorio* v. *Taboada,* 52 D.P.R.
806, un perro mordió a una mujer y a su hija. La primera
fué mordida en la espinilla de su pierna derecha. La niña
fué mordida cinco veces, en el brazo, en la mano, en el abdo-
men y en el pecho. La corte fijó como daños cien dólares

para la madre y trescientos dólares para la niña. En *Gigante* v. *Alvarez*, 48 D.P.R. 498, una niña recibió una herida proveniente de una mordida de perro en la región glútea izquierda y obtuvo como daños trescientos cincuenta dólares. Aparentemente en ninguno de estos casos los demandantes fueron operados. El demandado no cita el caso de *De Jesús* v. *Arzuaga*, 53 D.P.R. 522, el cual, como el presente, fué oído en una moción para desestimar la apelación por frívola. En aquel caso la demandante fué asustada por el ladrido de un perro detrás de una verja de hierro y aparentemente temía ser atacada. Esto causó que ella se cayera y se rompiera un brazo. Esta corte, encontrando que los setecientos dólares concedidos en la córte de distrito como daños no eran excesivos, desestimó la apelación por frívola.

■ No sería provechoso que nos aventuráramos en una comparación detallada de los hechos en el presente caso con los de los anteriores. Como lo expresó esta corte por medio del Juez Asociado Sr. Travieso en *Sánchez* v. *Sucn. J. Serrallés*, 53 D.P.R. 80, 84, " . . . la cantidad que como daños se concede a un reclamante depende de tantas y tan variadas circunstancias, que no puede considerarse un caso específico como precedente que estemos obligados a seguir para resolver otros casos . . .". Nos limitamos a declarar que hemos examinado la transcripción de evidencia y nada hemos encontrado que nos justifique a resolver que los daños concedidos fueron excesivos.

■ La contención del apelante de que la corte inferior no tomó en consideración su modesta situación económica no tiene mérito. "La determinación de la suma [de la compensación], como cuestión legal, nunca depende de la capacidad de la demandada para pagar dicha suma . . .". *Flores* v. *Sures. de Pérez Hermanos*, 29 D.P.R. 1046, 1048.

*La moción para que se desestime la apelación por frívola será concedida.*