VALENTÍN POLANCO DE JESÚS, demandante y apelante, *v.* AL-FREDO CORTÉS y LORENZA ROSARIO, demandados y apelados.

Núm. 9221.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Marzo 26, 1946.

*Luis Mercader,* abogado del apelante; *A. Rivera Colón,* abogado de los apelados.

EL JUEZ ASOCIADO. SEÑOR CÓRDOVA emitió la opinión del tribunal.

Lorenza Rosario instó una acción ordinaria para ejecutar una hipoteca sobre una casa. Pendiente esa acción, adquirió el apelante Polanco la casa e inscribió su título. Luego, habiendo la acreedora hipotecaria obtenido sentencia contra el deudor hipotecario, se ejecutó la sentencia, vendiéndose en pública subasta el interés de éste en la casa, y adjudicándosele a la acreedora. Entonces, acogiéndose ésta al procedimiento aprobado en *Arroyo* v. *Zavala,* 40 D.P.R. 269, ob-

tuvo de la corte una orden apercibiendo a Polanco que pagase la hipoteca o de lo contrario se cancelaría la inscripción, de su título a la casa.

Aunque Polanco desde el principio estuvo dispuesto a pagar la hipoteca, hubo discrepancias entre él y la acreedora hipotecaria respecto a la cuantía de intereses, y a las costas, que dieron lugar a apelaciones a este Tribunal[1] y como consecuencia de la demora así ocasionada, no vino Polanco a consignar el importe de la hipoteca con sus intereses, hasta el 10 de agosto de 1943, o sea casi un año después de habérsele hecho el apercibimiento.

Entretanto, la acreedora hipotecaria tomó posesión de la casa el primero de septiembre de 1942 y no fué hasta abril 7 de 1944 que entregó la casa a Polanco. Durante ese período, la casa estaba arrendada y devengó la acreedora hipotecaria la renta mensual de $30. Luego de entregársele la casa a Polanco, radicó éste demanda reclamando de la acreedora hipotecaria las rentas que debió haber percibido mientras estuvo en posesión de la casa, a razón de $50 al mes.

La corte inferior declaró con lugar la demanda en parte solamente, o sea, determinó que la renta razonable de la casa era $30 al mes y no $50 como reclama el demandante, y resolvió que la demandada tenía derecho a devengar las rentas hasta agosto 10 de 1943, fecha en que satisfizo el demandante la deuda hipotecaria, viniendo obligada a devolver solamente las rentas que recibiera después de esa fecha. De esa sentencia apela el demandante, quien insiste en que erró la corte inferior (1) Al no concederle todas las rentas percibidas o podidas percibir por la demandada, (2) Al no fijar la renta mensual en $50 mensuales en vez de los $30 mensuales que percibía la demandada, (3) Al no conceder al apelante honorarios de abogado.

---

[1] *Rosario* v. *Ruiz et al.* 62 D.P.R. 326, 63 D.P.R. 93.

■ Está bien fundado el primer señalamiento de error. Cuando la acreedora hipotecaria ejecutó su sentencia y vendió en pública subasta el interés del deudor hipotecario en la casa, ya Polanco, y no el deudor hipotecario, era el dueño de la casa. De los autos no aparece que la acreedora anotara la pendencia de su acción en el Registro de la Propiedad, ni que Polanco, al adquirir la casa, tuviese conocimiento de la pendencia de la acción ejecutiva. Luego, al adjudicarse a la acreedora hipotecaria el interés de su deudor en la casa, ello en nada afectó los derechos adquiridos por Polanco.(2) Posteriormente, siguió la acreedora el procedimiento encaminado a obligar a Polanco a elegir entre pagar la hipoteca o renunciar su título a la casa. Polanco eligió pagar la hipoteca, y la pagó, con sus intereses. De los hechos expuestos puede verse que la demandada, en lo que respecta a Polanco—quien no fué parte ni tenía conocimiento del pleito al adquirir su título—nunca dejó de ser acreedora hipotecaria para convertirse en dueña de la casa, y que Polanco nunca dejó de ser dueño de la casa. Es cierto que Polanco tardó un año en pagar la deuda hipotecaria pero esa tardanza la compensó plenamente mediante el pago de intereses. Resulta evidente, pues, que la acreedora hipotecaria no tenía derecho a percibir las rentas de la casa ni antes ni después de haber pagado Polanco la deuda hipotecaria.

■ Suponiendo, sin resolverlo, que la demandada viniera obligada a pagar al demandante no ya la renta mensual de $30 que percibió, sino la renta mayor que pudiera haber percibido, tenemos que la corte inferior resolvió que la renta de $30. representaba el valor razonable del alquiler de la casa, y la prueba sostiene esa conclusión, por lo que no se cometió el segundo error señalado.

■ Tampoco se cometió el tercer error que señala el apelante. No podemos decir que hiciera mal uso de su dis-

(2)Véase *Rosado* v. *Valentín*, ante, pág. 571.

creción la corte inferior al abstenerse de condenar a la demandada al pago de honorarios de abogado.

La sentencia apelada, si la entendemos bien, condena a la demandada a pagar al demandante la suma de $150, o sea las rentas a partir del 10 de agosto de 1943, a razón de $30 mensules, menos la suma de $90 que ya recibió el demandante apelante por concepto de esas rentas  *Debe modificarse en el sentido de condenar a la demandada a pagar la suma de $480 (o sea, $30 mensuales por 19 meses, a contar del primero de septiembre de 1942, menos los $90 ya recibidos por el demandante), y así modificada, confirmarse.*