VALENTÍN POLANCO DE JESÚS, demandante y apelante, *v.* ALFREDO CORTÉS y LORENZA ROSARIO, demandados y apelados.

Núm. 9353.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Diciembre 16, 1946.

L. *Mercader*, abogado del apelante; *Ángel Rivera Colón*, abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Este tribunal modificó y confirmó la sentencia de la Corte de Distrito de Arecibo dictada en este pleito sobre reclamación de rentas que debió haber percibido la acreedora hipotecaria mientras estuvo en posesión de una casa. *Polanco* v. *Cortés*, 65 D.P.R. 861. La parte demandada consignó entonces en la corte inferior la cantidad de $480 en pago de la sentencia. El demandante impugnó la cuantía de la consignación por no haberse incluído los intereses al 6 por ciento anual desde la fecha en que la corte de distrito dictó la sentencia original. Se opusieron los demandados y alegaron que sólo tenían que consignar los intereses desde la fecha de la sentencia dictada por esta Corte Suprema y la corte los sostuvo, basándose en el caso de *Ruberté* v. *Am. R. R. Co.*, 53 D.P.R. 186. El demandante apeló de la resolución de la corte y en este recurso alega que la corte infringió el artículo 341 del Código de Enjuiciamiento Civil,(¹) según interpretado en *Franceschi, Ex Parte*, 53 D.P.R. 75.

En el caso de *Franceschi, Ex Parte*, supra, resolvimos, a la página 79, que "De conformidad con las disposiciones expresas del artículo 341, los intereses que el secretario ha de incluír en la sentencia por él registrada serán pagaderos 'desde la fecha en que se dictó,' y no desde la fecha en que pueda ser confirmada o modificada, y así modificada, confirmada por este Tribunal en apelación. Es un caso claro de *lex scripta*." Confirmamos esta doctrina en *Concepción* v. *Latoni*, 63 D.P.R. 693.

_____

(¹) En lo pertinente el artículo 341 dispone que "El secretario incluirá en el registro de la sentencia, los intereses correspondientes a la misma *desde la fecha en que se dictó, . . .*". (Bastardillas nuestras.)

El caso de *Ruberté* v. *American Railroad Co.,* supra, en que fundamentó la corte inferior su resolución, es claramente distinguible del de autos. En él se revocó la sentencia dictada por la corte inferior y se dictó una sentencia distinta por este Tribunal y resolvimos, y citamos del sumario, "que los intereses sobre esta sentencia se computan a partir de la fecha en que fué dictada y no de aquélla en que la corte inferior dictó la suya." En el caso de autos modificamos y confirmamos la sentencia después de modificada y, por tanto, cae de lleno dentro de lo establecido. en los casos de *Franceschi, Ex Parte,* supra, y *Concepción* v. *Latoni,* supra.

*Debe revocarse la resolución de la Corte de Distrito de Arecibo declarando bien hecha la consignación y en su consecuencia dictarse otra ordenando la consignación de intereses al tipo legal del 6 por ciento anual devengados desde la fecha en que se dictó la sentencia original, o sea, desde el día 31 de octubre de 1944, hasta aquél en que se verifique el pago.*

El Juez Asociado Sr. Snyder no intervino.