ROSALÍA COFRESÍ VDA. SILVA y JOSÉ ÁNGEL SILVA, ETC., ET AL., demandantes y recurrentes, *v.* SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA y GREAT AMERICAN INS. CO., demandadas y recurridas.

*Número:* R-69-274     *Resuelto:* 3 de junio de 1971

*Benjamín Ortiz,* abogado de los recurrentes; *Antonio Córdova González, Pedro Toledo González* y *Edwin Tyler Albizu,* abogados de las recurridas.

PER CURIAM: Mientras se encontraba recluida como paciente en el Hospital Auxilio Mutuo, doña Rosalía Cofresí vda. de Silva, de 90 años de edad, sufrió lesiones físicas como consecuencia de una caída. Ella y sus hijos demandaron a la dueña del hospital y su aseguradora en reclamación de daños y perjuicios, y luego de un juicio en los méritos, la Sala de San Juan del Tribunal Superior, dictó sentencia condenando a las demandadas a pagar a los demandantes la suma total de $6,250.90 en concepto de daños y perjuicios, más las costas y $300.00 para honorarios de abogado. La referida suma total se desglosa así: $2,000.00 por la fractura y lesiones sufridas por doña Rosalía; $500.00 por sus sufrimientos físicos y mentales; $1,750.90 por gastos médicos y hospitalarios, y $500.00 para cada uno de sus cuatro hijos por sus sufrimientos mentales.

Expedimos este recurso a solicitud de los demandantes para revisar la cuantía de la indemnización. [1]

Se establece en las conclusiones de hechos, no impugnadas, del tribunal sentenciador que al ingresar doña Rosalía como paciente en la institución de la demandada, tenía 90 años de edad, padecía de síndrome cerebral, con arteriosclerosis cerebral y confusión mental, con artritis aguda y calcificación en la rodilla izquierda. Su vista era deficiente y no tenía balance ni orientación adecuada en sus movimientos. Caminaba aunque con dificultad. Después de sufrir la caída fue recluida en el Departamento de Geriatría del Hospital Auxilio Mutuo y más tarde trasladada al hospital para tratamiento. Concluyó además, el tribunal:

"4—Como resultado de la caída ya mencionada sufrió contusiones en distintas partes de su cuerpo y especialmente sufrió una fractura en su cadera, específicamente una fractura subcapital en el fémur izquierdo. Como resultado de esa fractura se hizo necesario someterla a una operación quirúrgica. Como resultado de todo ello doña Rosalía tuvo intensos sufrimientos físicos y morales y no pudo caminar más hasta la fecha de su muerte. [2]

5—Como resultado de la caída de doña Rosalía y de sus consecuencias ya mencionadas, sus cuatro hijos, los demandantes José Ángel, Rosita, Sara y Herminia Silva tuvieron y sufrieron angustias y sufrimientos mentales y morales.

6—Como resultado de la caída y mencionada de doña Rosalía y de sus consecuencias ya descritas, ella tuvo que someterse a una operación y a tratamiento médico y hospitalario con respecto a las contusiones y a la fractura ya mencionada, y los demandantes tuvieron que hacer gastos de operación, tratamiento y hospitalización y medicinas."

Ya indicamos al principio las cantidades concedidas por cada uno de estos conceptos.

---

[1] Nos negamos a revisar la sentencia a solicitud de las demandadas en el recurso R-69-273, por lo que no está en discusión la responsabilidad de éstas.

[2] Doña Rosalía falleció unos seis años después del accidente por otras causas.

Sostienen los recurrentes que el tribunal sentenciador incidió al concederles la suma de $1,750.90 por concepto de gastos médicos, hospitalarios y medicinas ya que la prueba demuestra que dichos gastos ascienden a $11,541.72. [3]

La señora Cofresí fue hospitalizada y sometida a la operación quirúrgica el día 6 de febrero de 1961 y permaneció recluida hasta el día 3 de marzo siguiente, o sea, menos de un mes, y trasladada a Geriatría donde había estado recluida antes y después del accidente. En 12 de abril del mismo año 1961, fue egresada de Geriatría y trasladada a la residencia de una de sus hijas.

Los recurrentes presentaron abundante prueba documental para justificar los gastos habidos durante los cinco años que vivió la señora Cofresí después del accidente. Esos gastos se desglosan así:

| | |
|---|---:|
| Enfermeras | $8,462.32 |
| Médicos | 304.00 |
| Farmacias | 1,015.70 |
| Equipo médico | 420.35 |
| Laboratorios | 219.00 |
| Transportación | 93.45 |
| Auxilio Mutuo | 1,026.90 |
| Total | $11,541.72 |

De estos gastos el tribunal concedió solamente las pártidas para médicos, equipo médico y Auxilio Mutuo para un total de $1,750.90.

El tribunal parece haber entendido y no sin base para ello, que las demás partidas de gastos no tenían relación con el accidente y sí con el tratamiento de las demás enfermedades que padecía la señora Cofresí. No surge del récord que

---

[3] En la demanda se reclamó por estos conceptos, la suma de $3,400.00. En vista del resultado a que llegaremos es innecesario resolver si procedía considerar enmendadas las alegaciones para conformarlas a la prueba. Regla 13.2 de Procedimiento Civil.

el uso de enfermeras obedeciera a órdenes o prescripciones de un médico o que el accidente fuere la causa de la necesidad de dichos servicios. Sí surge de los autos que lo que se solicitaba en un clasificado en la prensa, eran los servicios, no de una enfermera, sino de una empleada para cuidar a la señora Cofresí. Véase, *Masa* v. *A.F.F.*, 96 D.P.R. 856 (1969). Por otro lado, un examen de la prueba documental revela que en realidad no todos los gastos reclamados corresponden al período de hospitalización, teniendo algunos de los cheques fecha anterior a dicho período, guardando más bien relación con la estadía de la señora Cofresí en Geriatría que con el accidente. En su consecuencia no alteraremos en revisión la partida de $1,750.90.

Ahora bien, consideramos que las sumas concedidas a la señora Cofresí vda. de Silva no compensan adecuadamente los daños sufridos por ella con motivo del accidente.

▬ Hemos resuelto en ocasiones anteriores que la cantidad que como daño se concede a un reclamante depende de las muchas y variadas circunstancias que concurran en el caso y que por eso no puede adoptarse como regla fija y antecedente obligatorio de decisión en un caso específico. *Sánchez* v. *Sucn. J. Serrallés*, 53 D.P.R. 80 (1938); *Goose* v. *Hilton Hotels*, 79 D.P.R. 523 (1956); *Vda. de Salazar* v. *Admor. Fondo del Estado*, 76 D.P.R. 108 (1954); *Baralt* v. *Báez*, 78 D.P.R. 123 (1955). Entre las circunstancias a considerarse están la edad y estado de salud del lesionado. Sin embargo, ni lo uno ni lo otro debe ser definitivo ni factores determinantes por sí mismos, para negar una compensación justa y razonable. Si bien la lesionada en este caso era de edad avanzada y padecía de otras enfermedades y dolencias a la fecha del accidente, éste agravó de tal manera su salud, que tras sufrir dolores físicos a consecuencia de una fractura, tuvo que someterse a una operación quirúrgica permaneciendo hospitalizada por cerca de un mes, y luego tuvo que permanecer en cama hasta su muerte ocurrida unos cinco

o seis años después debido a que como consecuencia del accidente no volvió a caminar. Las cuantías de $2,000 y $500 no compensan justa y razonablemente esos daños y deben ser aumentados a $8,000.00 y $2,000.00, respectivamente. Tampoco nos parece razonable y justa, dadas las constancias en el récord, la suma de $500.00 concedida a cada uno de los hijos de la señora Cofresí vda. de Silva y la misma debe ser aumentada a $1,000.00 para cada uno de ellos.

Tomando en consideración las cuantías concedidas como indemnización en esta revisión, así como lo otros factores a considerarse en la concesión de honorarios de abogado, deben aumentarse los concedidos por el tribunal sentenciador a $1,200.00.

*Se modificará la sentencia del tribunal a quo en los términos expuestos en esta opinión y así modificada, se confirmará.*